THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



PRICE DANIEL
ATTORNEY GENERAL

February 11, 1952

Hon. Austin F. Anderson　　　　　Opinion No. V-1403
Criminal District Attorney
San Antonio 5, Texas　　　　　　 Re: Effect of adoption of the
　　　　　　　　　　　　　　　　　　　　Optional County Road Law of
Dear Sir:　　　　　　　　　　　　　1947 upon the County Engineer

　　　　　You have requested an opinion on the following question:

　　　　　"Was the office of County Engineer abolished by
the adoption of the Optional County Road Law of 1947
and the appointment of a County Road Engineer?"

　　　　　You state in your request that on November 13, 1951,
the electorate of Bexar County adopted the provisions of Article
6716-1, V.C.S. (The Optional County Road Law of 1947), and pur-
suant to its provisions the commissioners' court employed a "Coun-
ty Road Engineer".

　　　　　The Bexar County Road Law (S.B. 575, Acts 42nd Leg.,
R.S. 1931, special laws, ch. 137, p. 259) provides for the em-
ployment of a "County Engineer" by the commissioners' court of
Bexar County. It prescribes his qualifications and duties, and
determines his salary. Article 6716-1, V.C.S., provides for the
employment of a "County Road Engineer" by the commissioners'
court, but prescribes different qualifications, salary, and du-
ties than that required of the "County Engineer" under the Bexar
County Road Law, although both have substantially the same powers.

　　　　　In this connection Section 11 of Article 6716-1, V.C.S.,
provides:

　　　　　"Sec. 11. The County Road Engineer shall attend
all meetings of the Commissioners Court when it sits
to consider county road matters, with the right to par-
ticipate in the discussions and to make recommendations.
He shall see that the policies of the Commissioners
Court relating to county roads are faithfully executed,
supervise the administration of the county road depart-
ment, and prepare detailed annual budget estimates for
the construction and maintenance of the county roads
and the operation of the county road department. The
County Road Engineer shall prepare estimates and speci-
fications for all equipment, materials, supplies, and
labor necessary for the construction and maintenance

of the county roads and the operation of the county
road department, serve as custodian for all equipment,
materials, and supplies belonging to the county road
department, prepare plans and specifications for all
county road construction and maintenance, maintain
cost accounting records on county road department ex-
penditures, keep a perpetual inventory of all county
road department equipment, material and supplies, and
perform such other duties as the Commissioners Court
may require which are consistent with this Act."

Senate Bill 575 (The Bexar County Road Law), on the
other hand, insofar as it concerns the duties of the "County
Engineer" provides:

"Sec. 6.  . . . Such engineer by and with the au-
thority of the Commissioners' Court and subject to its
directions, shall have the power to employ assistants
to aid him in the discharge of his duties.  . . .

"Sec. 13.  . . . The Commissioners' Court in lay-
ing out and constructing new roads or providing for
their maintenance, extension or repair, shall in advance
of the work, call on the County Engineer or Consulting
Engineer for estimates as to the cost involved in the
improvements, and the probable amount of traffic in
tonnage the proposed highways will care for, and the re-
port of such engineer shall be filed in writing and be-
come a part of the records of the Court.  . . .

"Sec. 14.  Before actual construction shall have
begun on any road or highway so to be improved, the
County Engineer, or Consulting Engineer, under the di-
rection of the Commissioners' Court, shall make careful
and accurate surveys of the roads and highways to be
improved, and file with the records of the Court plans
and specifications and estimates as to the cost thereof.
. . . "

The conflict between these statutes, as they apply to
the situation about which you ask, is clear.  Article 6716-1,
V.C.S., contains no clause expressly repealing any of the pro-
visions of Senate Bill 575.  Article 6716-1 was enacted by the
Legislature in 1947 but became effective in Bexar County when
it was adopted at a special election on November 13, 1951. Senate
Bill 575 was enacted in 1931 as a special law applying only to
Bexar County.  Although an act contains no repealing clause, a
new enactment abrogates any former act on the same subject inso-
far as there is a clear inconsistency between the two acts.  This
rule of statutory construction is based upon the principle that

the latest expression of the Legislature will be given effect. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932); Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929).

Applying these rules to the fact situation which you present, we agree with your conclusion that Article 6716-1, V.C.S., being the later of the two statutes involved and being in conflict with Senate Bill 575, will control and abolish the office of County Engineer established by the conflicting provisions of the earlier statute.

## SUMMARY

The position of "County Engineer" under the provisions of the Bexar County Road Law (S.B. 575, Acts of the 42nd Leg., R.S. 1931, special laws, ch. 137, p. 259) was abolished by the adoption of the optional County Road Law of 1947 (Article 6716-1, V.C.S.) by the electorate of Bexar County. This later enactment (Optional County Road Law of 1947) provides for the employment of a "County Road Engineer" by the Commissioners' Court and prescribes his duties and qualifications.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

By John Reeves
John Reeves
Assistant

JR:mh