

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

February 24, 1956

Honorable K. L. Berry                    Opinion No. S-189
The Adjutant General of Texas
Austin, Texas                            Re: Jury service by members
                                             of the National Guard
                                             under Articles 2135 and
Dear General Berry:                          5840, V. C. S.

         You have requested an opinion on the liability of members
of the Texas National Guard for jury service. Your questions are as
follows:

         "1. Are members of the Active Militia of this State
    exempted from jury service under the provisions of Articles
    5840-5844, Revised Civil Statutes?

         "2. If the answer to question 1 above is in the af-
    firmative, what restrictions, if any, are imposed against
    the exemption from jury service for members of the Active
    Militia of the State by the amendment to Article 2135 set
    out in House Bill No. 78, 54th Legislature, Regular Session?"

         The amendment referred to exempts from jury service "all
members of the national guard of this State under the provisions of
the title 'Militia' during periods of time when they are actually on
active duty." Art. 2135, Revised Civil Statutes, as amended by Ch.
288, Acts 54th Leg., 1955, p. 795.

         Prior to 1931, Article 2135 provided that all competent jur-
ors were liable to jury service except certain enumerated classes of
persons, including the following:

         "9. All members of the national guard of this state
    under the provisions of the title 'Militia.'"

         In Title 94 (Militia), Article 5840 provided:

         "All officers and enlisted men of the active militia
    /defined in Article 5765 as "the organized and uniformed
    military forces of this State, which shall be known as the
    Texas National Guard"/, who shall comply with their mili-
    tary duties as prescribed in this chapter, shall be entitled
    to. . .exemption from jury service or duty of every charac-
    ter and description."

To be entitled to the exemption for any current year, a certificate
had to be filed during January showing that the member had discharg-
ed the military duties required of him during the preceding year.
Arts. 5841-5844. As the law then stood, members of the National
Guard were exempted from all jury service during the year if their
names had been certified as required in these articles.

In 1931, the Legislature repealed Subdivision 9 of Article
2135 (Ch. 221, Acts 42nd Leg., R. S., p. 375), thus making Article
2135 read that all competent jurors were liable to jury service ex-
cept the enumerated classes, which did not include members of the Na-
tional Guard. This Act impliedly repealed the jury service exemption
provisions in Articles 5840-5844, since these provisions were in con-
flict with Article 2135 as amended and the later enactment was control-
ling. Townsend v. Terrell, 118 Tex. 463, 16 S. W. 2d 1063 (1929);
Parker v. State, 208 S. W. 2d 380 (Tex. Civ. App. 1948, affirmed 147
Tex. 57, 212 S. W. 2d 132). Between 1931 and 1955, therefore, members
of the National Guard were not exempted from jury service.

Chapter 288 of the 54th Legislature amended Article 2135 in
numerous respects, including the restoration of the exemption of mem-
bers of the National Guard in the language heretofore quoted. How-
ever, the portions of Article 5840-5844 relating to exemption from jury
service were not revived by this amendment to Article 2135. Thomas v.
Groebl, 147 Tex. 70, 212 S. W. 2d 625 (1948).

Under the present law, members of the National Guard are ex-
empted from jury service during periods of time when they are actually
on active duty, but it is not necessary that their names be certified
as formerly required by Articles 5842-5844 (prior to the repeal of
these provisions in 1931) in order for them to claim the exemption. If
summoned for jury service for a period when he will be actually on ac-
tive duty, a member may claim his exemption either upon his appearance
in open court or by filing an affidavit as provided in Article 2137,
which reads:

"All persons summoned as jurors in any court of this
State, who are exempt by statutory law from jury service,
may, if they so desire to claim their exemptions, make
oath before any officer authorized by law to administer
oaths, or before the officers summoning such persons, stat-
ing their exemptions, and file said affidavit at any time
before the convening of said court with the clerk of said
court, which shall constitute sufficient excuse without ap-
pearing in person."

Periods of time when members are actually on active duty in-
clude periods of active federal or state service referred to in Articles
5837a and 5838. We are of the opinion that they also include training
periods as provided in Articles 5836 and 5837.

## SUMMARY

Members of the Texas National Guard are exempted from jury service during periods of time when they are actually on active duty.  Art. 2135, V. C. S., as amended by Ch. 288, Acts 54th Leg., 1955.  Periods when members are actually on active duty include periods of active federal or state service referred to in Articles 5837a and 5838, V. C. S., and periods of training as provided in Articles 5836 and 5837, V. C. S.

The jury service exemption provisions in Articles 5840-5844, V. C. S., were repealed by Chapter 221, Acts 42nd Legislature, Regular Session, 1931, and were not revived by the 1955 amendment to Article 2135.  It is not necessary that the names of members be certified as formerly required by these repealed articles in order for them to claim the exemption.

Yours very truly,

APPROVED:

J. A. Amis, Jr.
Reviewer

J. C. Davis, Jr.
Reviewer

L. W. Gray
Special Reviewer

John Ben Shepperd
Attorney General

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant