

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 7, 1958

Honorable Jesse James　　　　　Opinion No. WW-470
State Treasurer
Capitol Station　　　　　　　　Re: Whether certain securities
Austin, Texas　　　　　　　　　　are eligible as collateral
　　　　　　　　　　　　　　　　　for State deposits.

Dear Sir:

Your letter requests our opinion:

". . . as to whether obligations of
the following types are eligible under
the Depository Laws, or any Special Stat-
utes, to be accepted by the State Deposi-
tory Board as collateral for State de-
posits:

1. Consolidated Bonds of Federal
   Home Loan Banks. These bonds
   are the joint and several ob-
   ligations of the Federal Home
   Loan Banks.

2. Federal National Mortgage As-
   sociation Debentures.

3. Federal Farm Loan Bonds - The
   twelve land banks are jointly
   and severally liable for con-
   solidated farm loan bonds.

4. Consolidated Debentures of Banks
   for Cooperatives.

5. Federal Intermediate Credit Bank
   Bonds. These are consolidated

collateral trust debentures and
are the joint and several obli-
gations of the twelve Federal
Intermediate Credit Banks.

If your office should rule that any
or all of the above type obligations are
eligible as collateral, please advise us
what collateral worth the State Treasurer
shall use for such obligations."

Article 2529, V.C.S., prescribes the securities
which may be accepted by the State Depository Board as col-
lateral for deposit of State funds. This article is a
special act relating specifically to state depositories.

We have also considered whether Articles 842 and
842a, V.C.S., may apply in determining what securities are
acceptable as collateral for state deposits. The wording
of these two statutes with reference to the types of securi-
ties therein mentioned as being eligible for investment pur-
poses is practically the same. Their wording with reference
to the types of securities each lists as being eligible as
"security for public deposits" is identical.

The particular wording of these two statutes where-
in certain securities are authorized for purposes of invest-
ment and as security for public deposits is as follows (that
portion relating to "security for public deposits" which is
identical is underscored):

Article 842: ". . . shall be a lawful
investment for all fiduciary and trust
funds in this State, and may be accepted
as security for all public deposits where
deposits of bonds or mortgages are au-
thorized by law to be accepted . . ."

The correlative pertinent part of Article 842a,
reads:

> ". . . shall hereafter be lawful invest-
> ments for all fiduciary and trust funds in
> this State, <u>and may be accepted as security</u>
> <u>for all public deposits where deposits of</u>
> <u>bonds or mortgages are authorized by law to</u>
> <u>be accepted</u> . . ."

Because of this identical wording with respect
to ". . . security for all public deposits . . ." and the
over-all content and evident purpose of these Articles 842
and 842a, it is manifest that the Legislature intended that·
the field of application with reference to "security for all
public deposits" of both articles should be the same. We
note that Article 842 was enacted in 1917 and Article 842a
was not originally enacted until 1933.

The Legislature in its 1925 codification of the
civil statutes placed Article 842 in Title No. 22 entitled
"Bonds - County, Municipal, etc." and in Chapter 8 of this
title styled "Sinking funds - Investments, etc." Article
2529 was codified under a different title, Title No. 47
entitled "Depositories."

Comparative analysis of the last amendment of
Article 2529 (Acts 1955, 54th Leg., ch. 425, p. 1132) and
of the last amendment to Article 842a (Acts 1941, 47th Leg.,
ch. 618, p. 1356) reveals an irreconcilable conflict be-
tween these two articles as to the type of security of the
Home Owners' Loan Corporation which is acceptable under each.
Article 2529 lists:

> ". . . Home Owners' Loan Corporation
> Bonds, provided both principal and inter-
> est of said bonds are guaranteed by the
> United States Government . . .",

whereas, Article 842a includes:

> ". . . all mortgages, bonds, debentures,
> notes, collateral trust certificates, or
> other such evidences of indebtedness, which

have been or which may hereafter be issued
by the . . . Home Owners' Loan Corporation
. . ."

Article 2529 and the several prior amendments
thereto, including its predecessor in the 1911 codifica-
tion of the civil statutes (Article 2423), and including
the original state depository law enacted in 1905 (29th
Leg., Reg. Sess., ch. 164, p. 387) and its amendment in
1907, all relate specifically and only to depositories
for _state funds_ and each is very specific wherein it sets
forth the character of the securities acceptable as col-
lateral for the deposit of _state funds_.

The legislative intent as to the fields of appli-
cation of these three articles (Nos. 2529, 842 and 842a,
V.C.S.) is very clear. Article 2529 is a special law which
names the kinds of securities which may be accepted as col-
lateral for deposit of _state funds_, and Articles 842 and
842a are general laws which relate (along with other matters
not pertinent to the topic under consideration) to the gen-
eral field of "security for all _public deposits_."

> "This rule of construction has found
> frequent and apt illustration where one
> of the supposedly conflicting statutes
> was general in its terms and the other
> specific. In such a case it is univer-
> sally held that the specific statute more
> clearly evidences the intention of the
> Legislature than the general one, and
> therefore that it will control. In such
> a case both statutes are permitted to
> stand - the general one applicable to all
> cases except the particular one embraced
> in the specific statute." _Townsend v._
> _Terrell_, 118 Tex. 463, 16 S.W. 2d 1063,
> (1929).

> "In 59 C.J. 1057, sec. 623 (d), the rule
> is thus stated:

> "'It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment . . . and where the general act is later, the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication'". <u>Hallum v. Texas Liquor Control Board</u>, 166 S.W. 2d 175 (Civ. App. 1942, error ref.). Also: <u>Fortinberry v. State, ex. rel. Myers</u>, 283 S.W. 146, Tex. Comm.App. (1926); 39 Tex. Jur. 149-151, "Statutes", Sec. 81-82.

Article 2529 does not specifically name any of the types of bonds concerning which you inquire. As to whether or not any of them may come within the general provisions of this article as being:

> " . . . bonds and certificates and other evidences of indebtedness of the United States, and all other bonds which are guaranteed as to both principal and interest by the United States; . . . bonds issued by the Federal Farm Mortgage Corporation, provided both principal and interest of said bonds are guaranteed by the United States government . . ."

will require an examination of the particular security and probably a transcript of proceedings underlying its issuance.

## SUMMARY

Article 2529 is the special statute which determines whether the types of securities named in your inquiry are eligible to be accepted by the State Depository Board as collateral for State deposits. None of these securities are specifically named in this article. Therefore, we will have to examine the particular security offered, and probably additional evidence, to determine whether it is comprehended within the general provisions of Article 2529.

Very truly yours,

WILL WILSON
Attorney General of Texas

By      W. E. Allen
        Assistant

WEA-s

APPROVED:

OPINION COMMITTEE

J. C. Davis, Jr., Chairman

Tom I. McFarling
Jack Goodman
Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert