SAM H. TOWNSEND, DISTRICT ATTORNEY, v. SAM H. TERRELL, COMPTROLLER.

No. 5366.    Decided May 22, 1929.
(16 S. W., 2d Series, 1063.)

*W. J. Townsend* and *J. J. Collins,* for relator.

If two acts are passed at the same session of the Legislature and they are contrary to, or inconsistent with each other the later act will prevail. Cain v. State, 20 Texas, 355; Walker v. State, 7 Cr. App., 246; Rogers v. Watrous, 8 Texas, 62; Ex parte Valasquez, 26 Texas, 178; Laughter v. Seela, 59 Texas, 177; Ex parte Nitsche, 170 S. W., 1101; Bailey v. Drane, 33 S. W., 573; Voight v. Railroad Co., 60 S. W., 658; First Nat'l. Bank v. Cotton Oil Co., 250 S. W., 313; Railway Co. v. Anderson, 229 S. W., 1101; Berry v. State, 156 S. W., 635; Cole v. State, ex rel. Cobolini, 170 S. W., 1036; Jesse v. De Shong, 105 S. W., 1014; Whittenburg v. Craven, 258 S. W., 152; Fortinberry v. State, ex rel. Myers, 283 S. W., 146; McGrady v. Terrell, 98 Texas, 427; Joliff v. State, 109 S. W., 176; Weber v. State, 109 S. W., 182.

The case of Herd v. Elliott, 92 S. W., 764, a Tennessee case, is directly in point upon the controversy of law in the case at bar. The Act of the Legislature of Tennessee abolished the office of County Entry Taker. Later the Legislature created the office of Entry Taker throughout the State, the Court held that the general law creating the office throughout the State superseded the first law abolishing the office in a particular county of that state. See opinion in full for a full discussion of the principle involved.

*Claude Pollard,* Attorney-General, and *H. Grady Chandler,* and *R. D. Cox, Jr.,* Assistants, for respondent.

Since Senate Bill 404 did not expressly repeal House Bill 485, and since the two acts are not so conflicting that both cannot stand, and since repeals by implication are not favored, House Bill 485 has not been repealed. Urban v. Harris Co., 251 S. W., 594; 1 Lewis' Sutherland, Stat. Const., 465, 467, 510, 512.

Can we say that since Senate Bill 404 made no reference whatever to the provisions of House Bill 485, the latter has been repealed? As already shown, Senate Bill 404 was introduced either seven or eight days after the introduction of House Bill 485. House Bill 485 was not passed in the lower house until February 24, 1927

(H. J. 805). We see, then, that the Senate Bill was introduced either six or seven days before the House Bill was passed in the House. This shows that each bill was considered separately and apart from the other, and that in introducing or passing each bill, the Legislature did not have the other bill in mind.

Since House Bill 485 is a particular act relating only to the District Attorney of the Second Judicial District, and since Senate Bill 404 is a general act relating to all District Attorneys, and since the latter act did not specifically repeal the former act, House Bill 485 has not been repealed. Wallace v. Williams, 108 S. W., 153; Ellis v. Bates, 26 Texas, 703; 3 Words & Phrases (3d Series) 892–899; State v. Lawler, 205 N. W., 880; 36 Cyc., 1151, 1152; 1 Sutherland Stat. Const., 526; State v. Ross, 113 Pac., 273; Cleveland Ry. Co. v. Blind, 105 N. E., 483.

The Legislature in 1927 had authority to provide that the office of District Attorney in the Second Judicial District should be abolished from and after January 1, 1929. Cowell v. Ayers, 220 S. W., 764; 22 R. C. L., 579; Carver v. Wheeler Co., 200 S. W., 537; Bennett v. Longview, 268 S. W., 787; Jones v. Shaw, 15 Texas, 576.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

This is an original application for a writ of mandamus to compel the State Comptroller to issue to relator salary warrants as District Attorney for the second judicial district. Relator has been duly elected to the office of district attorney for the second district and is entitled to the writ sought unless the office has been abolished by the Act of the 40th Legislature which we shall immediately notice.

By an act approved March 22, 1927, the 40th Legislature passed the following bill:

"Section 1. The office of District Attorney in the Second Judicial District of Texas is hereby abolished and the County Attorney of each county composing said district, to-wit: Angelina, Cherokee, and Nacogdoches Counties, shall represent the State of Texas in all matters wherein the State of Texas is a party in his respective county, and shall receive such fees and compensation for his services as is now, or may hereafter, be provided by the General Laws of the State of Texas.

"Sec. 2. All laws, or parts of laws, in conflict herewith are hereby repealed.

"Sec. 3. This act shall become and be effective on and after January 1, 1929." (Gen. and Spec. Laws, 1927, p. 195.)

After the passage of the above act, the same legislature passed the following:

"Section 1. That Article 322 of the Revised Civil Statutes of 1925 be amended so that same shall hereafter read as follows:

"Article 322. The following Judicial Districts in this State shall each respectively elect a district attorney, viz.: first, second, third, fourth, fifth, seventh, eighth, ninth, twelfth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-seventh, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eighth, thirty-ninth, fortieth, forty-second, forty-sixth, forty-seventh, forty-ninth, fiftieth, fifty-first, fifty-second, fifty-third, sixty-third, sixty-fourth, sixty-ninth, seventieth, seventy-second, seventy-fifth, seventy-sixth, seventy-seventh, seventy-ninth, eighty-first, eighty-third, ninetieth, hundred, hundred and sixth. There shall also be elected a criminal district attorney for Harris County, a criminal district attorney for Dallas County, a criminal district attorney for Tarrant County, and one criminal district attorney for the counties of Nueces, Kleberg, Kennedy, Willacy and Cameron.

"Sec. 2. The fact that many district courts try only civil cases and have no need for a district attorney and the further fact that many judicial districts overlap and the further fact that many counties constitute several judicial districts and the law now requires the election of a district attorney for each district, and the fact that to provide a district attorney in every judicial district, in the State, would cause a needless expenditure of funds, and the fact that no district attorney has been elected in any district except those named in this Act, create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Approved March 25, 1927.

"Effective March 25, 1927." (Gen. and Spec. Laws, 1927, p. 222.)

It is the contention of relator that the last act prevails and by necessary implication repeals the first one abolishing the office of

district attorney for the second judicial district, while it is the contention of respondents that the two Acts are not necessarily inconsistent but that both may stand and do stand as valid enactments.

It will be observed that in the amendment approved March 25, 1927, there is no express repeal of the abolishing Act approved March 22nd. It is well settled that repeals by implication are not favored and that all acts and parts of acts *in pari materia* are to be construed as a whole and interpreted in such manner as that all may stand where such may reasonably be done. It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments.

This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the legislature than the general one and therefore that it will control. In such a case both statutes are permitted to stand,—the general one applicable to all cases except the particular one embraced in the specific statute. It is this rule of construction and the line of decisions supporting it that are urged upon us by respondents. Perhaps the latest case in point is Fortinberry v. State, (Tex. Com. App.) 283 S. W., 147. There a specific statute which declared that no person shall be eligible to the office of mayor unless he possesses the qualifications of an elector and shall have resided *12 months* next preceding the election within the limits of the city would control a general statute that no person shall be eligible to any state, county, precinct or municipal office in this state unless he shall have resided in this state for the period of 12 months and *6 months* in the county, precinct or *municipality* in which he offers as a candidate next preceding the election, but that both would stand.

But the rule there applied and here invoked can have no application for the reason that both statutes involved are specific with respect to the office of district attorney for the second judicial district, for in both the particular office is expressly mentioned,—the first Act abolishing it and the second one recreating it. Both acts cannot be valid at the same time. They are thoroughly inconsistent and irreconcilable. Under such circumstances the last act must prevail. That the act of March 25th recreating the office of dis-

trict attorney for the second judicial district likewise embraced other district attorneyships can make no difference. It is nevertheless definitely specific as to each office created. Such fact does not make it a general law within the rule of construction being considered. To hold that the office of district attorney for the second judicial district has been abolished would be to strike down a specific provision of the latter act requiring the election of a district attorney for that district. This would be destruction and not construction at all.

It will be noticed the abolishing act was not to go into effect until after January 1, 1929. As matter of law, we know that our biennial elections occur in the even years, and that a district attorney was required, under the then existing law, to be elected for the Second Judicial District in 1928. If the Act of 1927 amending Article 322 could be interpreted as requiring the election of a district attorney for the second district at the biennial election in 1928, for the one year which could exist and did exist, under the abolishing act, then it would be our duty to uphold both acts, for there would be no conflict. But this interpretation cannot be indulged. The unmistakable language of the amendment requires the election of a district attorney in each of the judicial districts named, and such requirement means necessarily precisely the same thing as to each of the many districts mentioned. There would be no justification for giving the act one meaning in the Second District and altogether a different meaning in the other districts named. Indeed, to give to the amending act such a perverted interpretation would be to make the act mean one thing in 1928 and altogether a different thing in subsequent election years, although there had in the meantime been no legislative amendment, even as to the Second District. The amending act had exactly the same meaning when it was passed as it has today, and will have at all times in the future unless repealed or amended by an act of the Legislature passed subsequent to its enactment.

We therefore recommend that the writ of mandamus do issue in accordance with the prayer of the relator.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.

<div align="right">

*C. M. Cureton,* Chief Justice.