

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 17, 1939

Honorable William L. Kerr
District Attorney
109th Judicial District of Texas
Pecos, Texas

Dear Sir:

Opinion No. O-414
Re: The duty of a County Clerk to
permit absentee voting by persons
expecting to be absent from the
county of their residence, as provided
in Subdivision 3 of Article 2956,
Revised Civil Statutes, as amended by
H. B. No. 54, Acts Forty-Fourth Legisla-
ture, Second Called Session, Chapter 437,
Page 1700, November 12, 1935; and the duty
of the County Clerk to refuse to permit
persons failing to obtain exemption certif-
icates to vote absentee as provided in
Article 2968a, Revised Civil Statutes.

We acknowledge receipt of your letter of February 28,
1939, in which you ask our opinion with reference to the law
governing absentee voting. We quote from your letter as follows:

"I have a request from a County Clerk to be advised
with reference to the absentee ballot law in elections.
In elections heretofore held the clerk has permitted
the voters to personally appear before him and make
affidavit that such voter would be absent from the
county on election date, and on such affidavit has
permitted the voter to vote absentee in the clerk's
office. The claim is now being made to the Clerk
that under the recent ruling of the Texarkana Court
of Appeals in the case of Wood v. State, 120 S.W.(2d)
955, it would not be proper to permit a voter to vote
absentee while in the county, such voter expecting
to be absent on election day. Inasmuch as the clerk
does not want to refuse the request of a bona fide
voter if he is entitled to vote I would appreciate
your advising me in that regard.

"Also, should the clerk permit an absentee voter to vote if such voter has no exemption certificate, such voter having become 21 years of age in June of 1938, and one such voter became of age February 1st, 1939, the county involved being a county with population less than 10,000.

"An election is soon to be held in which the clerk is called upon to determine the questions above and since the matter involves much public interest, I shall appreciate your advising me immediately."

We wish to call your attention to the fact that on January 4, 1939, the Supreme Court of Texas granted a writ of error in the Wood case, supra, "because of the importance of the questions." This cause is now pending on the docket of the Supreme Court as No. 7510, being styled A. J. (Archie) Wood v. State of Texas ex rel. Claude A. Lee. The cause was argued before a nine judge court, consisting of the Supreme Court and both sections of the Commission of Appeals, on March 1, 1939, but no judgment has been rendered by the Supreme Court up to the present date.

Inasmuch as the matter referred to in your first question is now pending before the Supreme Court, no final answer can be given to your question until the law has been settled by the Supreme Court's decision. For this reason, we believe that no useful purpose will be served by this Department's rendering an opinion at the present time. We will be glad to advise you of the Supreme Court's decision by telegraph as soon as it is rendered.

The second question asked by you relates to the duty of the county clerk to permit a voter who "has no exemption certificate" to vote absentee. If the voter obtained an exemption certificate, but has lost or mislaid it, under Subdivision 2 of Article 2956, Revised Civil Statutes, as amended, such voter may present his affidavit to that effect to the county clerk, who must then permit him to vote absentee. If however, as is implied from your letter, the voter failed to obtain an exemption certificate as provided by law, he is not entitled to vote absentee. You state in your letter that the county involved is a county with a population of less than 10,000 inhabitants. The applicable statute is Senate Bill No. 238, Acts 44th Legislature, Regular Session, Chapter 292, Page 686, Section 1, approved May 17, 1935, which added Article 2968a to the Revised Civil Statutes, and which provides in part as follows:

"Every person not subject to the disqualifications set out in Article 2954 of the Revised Civil Statutes of 1925, who does not reside in a city of ten thousand inhabitants or more, and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of twenty-one years on the first day of January preceding its levy, or who is exempt from the payment of a poll tax because he or she was not a resident of the State on the first day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age, shall, on or before the thirty-first day of January of the year in which he or she offers to vote, obtain from the Assessor and Collector of taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote."

Article 2969, Revised Civil Statutes, 1925, provides that it shall not be necessary for a person who does not reside in a city having a population of 5,000 or more to obtain an exemption certificate where such person reaches the age of 21 years "after the first day of January and before the day of a following election at which he or she wishes to vote." This statute appears to be in direct conflict with the provisions in Article 2968a quoted above that "No such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote." Since Article 2969, Revised Civil Statutes, adopted in 1925, is in direct and irreconcilable conflict with Article 2968a, Revised Civil Statutes, which was passed by the Legislature in 1935, Article 2969 is repealed by necessary implication.

Martin v. Sheppard, 129 Tex.110, 102 S.W.(2d) 1036;
Townsend v. Terrell, 118 Tex. 463, 16 S.W.(2d)1063;
Ragazine v. State, 47 Tex. Cr. 46, 84 S.W. 832;
St. Louis & Southwestern Ry. Co. v. Kay, 85 Tex.558, 22 S. W. 665.

For the reasons stated, we are of the opinion that the County Clerk should refuse to permit a person who has failed to obtain an exemption certificate to cast an absentee ballot, even though such person would have been legally entitled to obtain an exemption certificate if he had made proper and timely application therefor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

JPH:AMM

APPROVED:

ATTORNEY GENERAL OF TEXAS