

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 23, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1213

Re: Definition of "coin-operated machine" for taxation pur- poses in view of possible conflict between House Bills 31 and 307, Acts 52nd Leg- islature.

Dear Mr. Calvert:

You request the opinion of this office as to whether House Bill No. 307 passed by the 52nd Legislature repeals or a- mends House Bill No. 31, passed at the same session of the Leg- islature.

House Bill 31 passed the House on April 18, 1951, and the Senate on May 3, 1951, by a record vote sufficient to become immediately effective upon approval by the Governor. The Gover- nor approved this bill May 19, 1951. House Bill 307 passed the House on May 2, 1951, and the Senate on May 10, 1951, with a suf- ficient record vote to make it immediately effective upon approval by the Governor. The Governor approved this bill on June 2, 1951.

Both of these acts bear upon the same subject, and it is our duty under long established rules of statutory construction to reconcile them, if possible, so as not to render ineffective the provisions of either. It is our opinion, however, that the acts are irreconcilable. House Bill 31 had for its sole purpose the amend- ment of paragraph (d) of Article 7047a-2, R.C.S. 1925, so as to add coin-operated midget movies to the definition of merchandise or music coin-operated machines. Otherwise, the definition of "mer- chandise or music coin-operated machine" contained in the amended law was not changed. However, paragraph (d) as amended by House Bill 307, the later act, omits all reference to merchandise or coin- operated midget movies. Paragraph (d) as contained in House Bill 307 is a complete definition within itself and is a part of the com- prehensive amendment to Section 4 of Article III of House Bill No. 8, Acts 44th Leg., 3rd C.S. 1936, ch. 495, p. 2040, relating to the levy of taxes on certain coin-operated machines. It completely re- places paragraph (d) as worded in House Bill 31.

There being an irreconcilable conflict between the two acts, the later act must prevail. Att'y Gen. Op. V-990. Indeed, House Bill 307 expressly repeals all laws or parts of laws in conflict

therewith. The rule is stated in Ex parte De Jesus de la O., 227 S.W.2d 212 (Tex. Crim. 1950), as follows:

> "Where two acts passed at the same session of the legislature cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, and the latter act will stand as the final expression of the legislative will. See 39 Tex. Jur. 147, Sec. 78; Cain v. State, 20 Tex. App. 355; and Stevens v. State, 70 Tex. Cr. R. 565, 159 S.W. 505."

This rule has been followed in this State by both the Supreme Court and the Court of Criminal Appeals.

In Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929), the Court had before it the question of which of two acts passed at the same session of the Legislature was controlling. The first act was approved March 22, 1927. The second act was approved March 25, 1927. The two acts were "thoroughly inconsistent and irreconcilable." In holding that the last act prevailed the Court said:

> "It will be observed that in the amendment approved March 25, 1927, there is no express repeal of the abolishing Act approved March 22nd. It is well settled that repeals by implication are not favored and that all acts and parts of acts in pari materia are to be construed as a whole and interpreted in such manner as that all may stand where such may reasonably be done. It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments." (16 S.W.2d at 1064.)

The Court of Criminal Appeals in Stevens v. State, 70 Tex. Crim. 565, 159 S.W. 505 (1913), adhered to this rule in the following language:

> " . . . In the case of Chiles v. State, 1 Tex. App. 31, this court said: 'The two acts, being passed at the same session of the Legislature, ought, if possible, to be construed together, so that both might stand as one embodiment of the legislative will. But it will be perceived that these two acts, though passed at the same session, cannot, by any known rule of construction, be so reconciled as that both may stand; and, in case there is such repugnance between the two as that one must

give way, the rule is the last must stand as an expression of the will of the Legislature.' When the Supreme Court had jurisdiction in criminal matters, in the case of Cain v. State, 20 Tex. 359, Judge Wheeler, speaking for the court, said: 'The rule is that, in construction of acts of the same session, the whole must be taken and construed as one act, and, to make a latter provision repeal a former, there must be an express repeal <u>or an irreconcilable repugnancy between them, and then the latter will control</u>'--citing 3 Moore, 77; Sedgwick on Stat. & Const. Law, 410."

You are therefore advised that House Bill No. 307 in effect repeals House Bill No. 31, and you will be governed by House Bill 307.

## SUMMARY

House Bill 31 and House Bill 307, Acts 52nd Leg., 1951, each amending paragraph (d) of Article 7047a-2, V.C.S., defining certain coin-operated vending machines, are in conflict and cannot be harmonized. Since House Bill 307 is the latest expression of the Legislature, it will prevail over the provisions of House Bill 31. Att'y Gen. Op. V-990 (1950).

Yours very truly,

PRICE DANIEL
Attorney General

By L. P. Lollar
L. P. Lollar
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL/mwb