

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 20, 1951

Hon. Dudley Davis
District Attorney
Center, Texas

Dear Mr. Davis:

Opinion No. V-1157

Re: Automatic suspension
of the driver's li-
cense when a sentence
for driving while in-
toxicated is suspended.

Your request for an opinion relates to the au-
tomatic suspension of a driver's license of one convicted
of the offense of driving while intoxicated whose sen-
tence has been suspended.

Section 25 of Article 6687b, V.C.S., provides
in part:

"(a) Whenever any person is convicted
of any offense for which this Act makes auto-
matic the suspension of the operator's, com-
mercial operator's, or chauffeur's license of
such person, the court in which such convic-
tion is had shall require the surrender to it
of all operators', commercial operators', and
chauffeurs' licenses then held by the person
so convicted and the clerk of said court shall
thereupon forward the same together with a re-
cord of such conviction to the Department,
within ten (10) days from the date of convic-
tion.

"...

"(c) For the purpose of this Act, the
term 'conviction' shall mean a final convic-
tion. Also, for the purpose of this Act, a
forfeiture of bail or collateral deposited
to secure a defendant's appearance in court,
which forfeiture has not been vacated, shall
be equivalent to a conviction.

"Provided, however, that in case of con-
viction for any of the offenses enumerated

in paragraph (a) of Section 24[1] of this Act,
and the sentence of the court having been
suspended as provided in the Statutes, such
suspended sentence shall not mitigate against
the suspension of the operator's, commercial
operator's, or chauffeur's license of the
person convicted."   (Footnote 1 added.)

Prior to the enactment of Article 6687b, this
office consistently held that a suspended sentence did
not constitute a final conviction under Article 6687a,
V.C.S., and therefore a driver's license could not be
suspended under such circumstances.  Att'y Gen. Ops.
0-1395 (1939), 0-1523 (1939).  Article 6687b expressly
repealed Article 6687a and in so doing added a special
provision that a suspended sentence shall not mitigate
against the suspension of the operator's license of the
person convicted.  When a statute makes a general provi-
sion apparently for all cases and a special provision
for a particular case or class, the former yields and
the latter prevails insofar as the particular case or
class is concerned.  2 Sutherland, Statutory Construc-
tion (3rd ed. 1943) 541; Townsend v. Terrell, 118 Tex.
463, 16 S.W.2d 1063 (1929); Sam Bassett Lumber Co. v.
City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947);
Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948).

Section 25 of Article 6687b provides that the
court shall require the surrender to it of all operators'
and chauffeurs' licenses then held by the person convict-
ed and shall forward the same to the Department of Public
Safety.  It is evident, therefore, that the revoking of
the license is mandatory on the Department of Public Safe-
ty upon receipt of the record of conviction and is not
founded on any judgment of the court ordering its sus-
pension.  Gilbert v. State, 152 Tex. Crim. 200, 212 S.W.
2d 182 (1948).  Even though the court suspends execution
of the judgment or sentence it imposes on one convicted,
the revocation of the license still takes effect.  The
court cannot suspend that result of conviction, because
it is no part of the court's judgment; it is a result

---

1.  Section 24 of Article 6687b requires, among other
things, the automatic suspension of license upon final
conviction for the offense of driving a motor vehicle
while under the influence of intoxicating liquor.

expressly imposed by law.

We agree with your conclusion, therefore, that the driver's license of one convicted of driving while under the influence of intoxicating liquor is automatically suspended despite the fact that his sentence has been suspended.

### SUMMARY

Sections 24 and 25 of Article 6687b require the automatic suspension of a driver's license upon a conviction for driving while under the influence of intoxicating liquor even though the sentence be suspended.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep

Burnell Waldrep
Assistant