

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 30, 1959

Honorable Bill Thomas
County Attorney
Taylor County Courthouse
Abilene, Texas

Opinion No. WW-750

Re: Whether the Commissioners'
Court of Taylor County has
the right of election be-
tween the employment of an
Assistant District Attorney
under Article 326h or Arti-
cle 326k-39, Vernon's Civil
Statutes.

Dear Mr. Miles:

You have requested the opinion of this office on the
following question:

". . . whether or not the Commissioners'
Court has the right of election between
the employment of an Assistant District
Attorney under Article 326h or Article
326k-39? . . ."

Article 326h, Vernon's Annotated Civil Statutes, pro-
vides:

"Sec. 1. In any judicial district in
this State composed of more than one county
and in which there is a city having an actu-
al population of 50,000 inhabitants or more,
the district attorney shall have authority,
with the approval of the commissioners' court
of such county in which said city is situated,
to appoint not more than two assistants, who
shall be licensed to practice law in this
State, and shall perform such duties as shall
be required of them by the district attorney
and under the direction of the district at-
torney shall have all the authority that may
be exercised by the district attorney. The
district attorney shall use one of said as-
sistants as an investigator to assist in
the performance of the duties of his office,
in addition to whatever other duties may be
required of such assistant. Said assistants

shall take the constitutional oath of office
and serve at the will of the district attorney,
not to exceed under any one appointment the
maximum time fixed by the Constitution for
such officers.

"Sec. 2. The salary of each of said
assistants shall not exceed three thousand
dollars ($3,000.00) per year, to be paid by
the county in which said city is situated
by warrant drawn on the general fund thereof,
all salaries payable monthly. The district
attorney shall ascertain the population of
any city in his district necessary to be
ascertained under this Act by making appli-
cation to the mayor of any such city for a
certificate as to the population of such city.
It shall be the duty of any such mayor to
ascertain by some reasonable accurant estimate
the population of any such city, and his
certificate to same under oath shall authorize
the district attorney to assume its correctness
and act upon the information contained in such
certificate in making any appointment of an as-
sistant or assistants under this Act."

In the absence of a certificate from the Mayor of Abi-
lene as to the actual population of that city, we will use the
Texas Almanac. According to the 1958-59 Edition, the 1957 esti-
mated population of Abilene, Texas, the county seat of Taylor
County, was 65,000. Taylor County is located in the 42nd and
104th Judicial Districts. The 42nd Judicial District is com-
posed of Taylor, Callahan and Shackelford Counties, and the
104th District is composed of Taylor, Jones and Fisher Counties.

Under these facts, it would seem apparent that Abilene
and Taylor County would come under the above statute. However,
Article 326k-39, passed in 1957, provides:

"Section 1. The district attorney for the
42nd Judicial District and the district attorney
of the 104th Judicial District, with the consent
of the district judges of the 42nd Judicial Dis-
trict and the 104th Judicial District, respective-
ly, and of the Commissioners Courts in each of
the counties comprising the 42nd and 104th Judi-
cial Districts, are hereby authorized to appoint
an assistant district attorney for the district
attorneys of such districts.

"Sec. 2. The assistant district attorney provided for in this Act must be duly and legally licensed to practice law in this State. The assistant may be required to give bond.

"Sec. 3. The assistant provided for in this Act shall receive a salary of not less than Three Thousand Dollars ($3,000) nor more than Four Thousand Dollars ($4,000) per annum, said salary to be fixed by the district attorneys of the districts and approved by the district judges of the 42nd and 104th Judicial Districts and by the Commissioners Court of each of the counties comprising the 42nd and 104th Judicial Districts. In addition to his salary, the assistant shall be allowed the actual and necessary expenses incurred in the proper discharge of his duties, never to exceed Eleven Hundred Dollars ($1,100) per annum.

"Sec. 4. The salary and expenses of the assistant district attorney provided for in this Act shall be paid out of the general funds of the counties, prorated according to the population of the counties composing the judicial districts."

As this Statute sets out, it is a specific Article dealing with the 42nd and 104th Judicial Districts only. Both Articles 326h and 326k-39 have as principal subject matter Assistant District Attorneys; 326h being a general statute and 326k-39 being a specific statute. A comparison of Article 326h and 326k-39 reveals various conflicts between the two. Some of these conflicts are:

(1) Number of Assistants. Under Article 326h, it is possible to have four (4) assistants in Taylor County, while 326k-39 limits the number to one (1) who will serve as assistant to both District Attorneys.

(2) Method of appointing. Under 326h, only the Commissioners' Court of the County in which a city of a population of 50,000 or more shall give approval, while 326k-39 provides that all Commissioners' Courts in each of the counties comprising the 42nd and 104th Districts must give approval. Also, 326k-39 provides that the district judges of the two judicial districts must give their consent while 326h is silent on this matter.

Honorable Bill Thomas, page 4 (WW-750)

(3) Salaries.  Article 326h provides a salary not to
exceed $3,000 per year for each assistant to be paid by the
county in which the city of 50,000 population is located, while
326k-39 provides for a salary of not less than $3,000 nor more
than $4,000 per year which shall be paid by the various coun-
ties in the districts prorated according to population.

On the effect of a specific act conflicting with a
prior general act, one authority states:

> "This rule of construction has found fre-
> quent and apt illustration where one of the
> supposedly conflicting statutes was general
> in its terms and the other specific.  In such
> a case it is universally held that the specific
> statute more clearly evidences the intention
> of the Legislature than the general one, and
> therefore that it will control.  In such a case,
> both statutes are permitted to stand--the gener-
> al one applicable to all cases except the parti-
> cular one embraced in the specific statute.
> . . ."  (Townsend v. Terrell, 118 Tex. 463, 16
> S.W.2d 1063 (1929).

Thus, it is our opinion that this is the proper rule
of construction that should be applied here.  It is also im-
portant to note that Article 326k-39 was passed thirty years
after Article 326h, and certainly shows more clearly the legis-
lative intent in this regard in the 42nd and 104th Judicial
Districts.

### SUMMARY

The Commissioners' Court of Taylor County
does not have the right of election between
employment of an Assistant District Attorney
under Article 326h or Article 326k-39.  The
District Attorneys must hire the assistant
with the consent of the Commissioners' Court
and the District Judges under Article 326k-39.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
James M. Farris
Assistant

JMF:mfh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

James Irion

Iola Wilcox

Gordon C. Cass

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore