

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1969

Honorable J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas 78711

Opinion No. M-455

Re: Whether certain securities
are acceptable securities
for school depositories
under Article 2832 or
Article 2832c, Vernon's
Civil Statutes, and re-
lated question.

Dear Mr. Edgar:

By recent letter you have asked this office for an opinion
on the following questions:

1. Whether the following securities are ac-
ceptable as securities for school funds deposited
pursuant to the provisions of Article 2832 or Article
2832c, Vernon's Civil Statutes.

A. Federal Intermediate Credit Bank Debentures
B. Federal Home Loan Bank Notes
C. Federal National Mortgage Association Notes
   and Debentures
D. Federal Land Bank Bonds
E. Banks for Cooperatives' Debentures
F. Export-Import Bank of the United States
   Participation Certificates
G. Export-Import Bank of the United States Debentures

2. Whether Article 842a, Vernon's Civil Statutes, or
any other statute, operates to make the above listed
securities acceptable securities for school depositiory
purposes.

- 2255 -

Article 2832, Vernon's Civil Statutes, is quoted, in part, as follows:

"In any independent district of more than one hundred and fifty (150) scholastics, ... the treasurer of the school fund shall be that person or corporation who offers satisfactory bond and the best bid of interest on the average daily balances or time deposits for the privilege of acting as such treasurer. ... provided, further that such governing body may, in lieu of the bond herein authorized, accept a deposit of approved securities, which securities may include bonds of the United States, or of this State, or of any county, city, town or independent school district in the State, or Anticipation Tax Warrants and/or Anticipation Tax Notes legally issued by the governing body of such school district, which shall be deposited as such governing body may direct, in an amount sufficient to adequately protect the funds of such school district in the hands of the selected treasurer."

Subsection d of Section 3 of Article 2832c is quoted as follows:

"d. Approved Securities: shall mean bonds of the United States, bonds of the State of Texas, bonds of the counties of the State of Texas, bonds of school districts of the State of Texas, bonds of any town or city of the State of Texas, and bonds of any other district or political subdivision of the State of Texas."

Article 2832, originally enacted in 1925, is authority for independent school districts, of over 150 scholastics, to select a depository for school funds. Article 2832c, enacted by the Legislature in 1967, represents an alternative method for independent school districts of over 150 scholastics to select a depository for school funds.

Both articles refer to specific securities as being approved for the purpose of securing the deposits. However, one difference in the two statutes should be noted in passing. Article 2832c states that the approved securities shall mean bonds of the

United States, etc., and Article 2832 states that the approved as securities may include bonds of the United States, etc. Arguably, Article 2832 is broader in scope regarding what may be approved securities. However, it is our opinion that the Legislature intended to limit the approved securities in Article 2832 to those approved in said statute or some other security authorized by specific legislation, because there are no guidelines in Article 2832 as to what would be approved securities, other than those listed.

It is further our opinion that question number one must be answered in the negative, unless the above listed securities can be considered "bonds of the United States". We think not. According to the Handbook of Securities of the United States Government and Federal Agencies, published by the First Boston Corporation, 22nd Edition, 1966, pages 89-113, the securities listed above are not bonds of the United States Government, but rather are obligations of the various Government chartered agencies. You are referred to the discussion of the various securities in said Handbook.

Your second question requires an analysis of Article 842a, Vernon's Civil Statutes. We quote from Article 842a as follows:

"Hereafter, all mortgages, bonds, debentures notes, collateral trust certificates, and other such evidences of indebtedness, issued or that hereafter may be issued under the terms and provisions of the National Housing Act, approved by the President of the United States on June 27, 1934, as amended and as may hereafter be amended, and all 'insured accounts' issued or that may hereafter be issued by any institution insured under the provisions of Title IV of the National Housing Act, approved June 27, 1934, as amended and as may hereafter be amended, or any evidences of indebtedness or accounts that may be issued or insured by any lawful agency created thereunder, all mortgages, bonds, debentures, notes, collateral trust certificates, or other such evidences of indebtedness, which have been or which may hereafter be issued by the Federal Home Loan Bank Board, or any Federal Home Loan Bank, or the Home Owners' Loan Corporation, or by the Federal Savings and Loan Insurance Corporation, or by the Federal Farm Loan Board, or by any

Federal Land Bank, the Federal Intermediate Credit Banks, or Banks for Cooperatives, or by any National Mortgage Association, or by any entity, corporation or agency, which has been or which may be created by or authorized by any Act, which has been enacted or which may hereafter be enacted by the Congress of the United States, or by any amendment thereto, which has for its purpose the relief of, refinancing of or assistance to owners of mortgaged or incumbered homes, farms, and other real estate, and the improvement or financing or the making of loans on any real property, shall hereafter be lawful investments for all fiduciary and trust funds in this State, and may be accepted as security for all public deposits where deposits of bonds or mortgages are authorized by law to be accepted."

It seems clear that the Legislature intended to authorize that securities of certain federal agencies would be valid investments and security for all public deposits, and would include deposits made by public schools.

It is our opinion that Article 842a would be applicable to deposits made by public schools under the rather broad definition of approved security in Article 2832. Therefore, all mortgages, bonds, debentures, etc. of the specific covered federal agencies would be approved securities for deposit of school funds pursuant to Article 2832.

Article 2832c presents a different question because, as pointed out on page 3 (above) that Article in Subsection d of Section 3 defines "approved securities" to mean certain specific securities, and these specific securities do not include any of the securities listed in your request.

Article 2832c, as passed by the Legislature in 1967, is a much later expression of legislative intent than is Article 842a, which was last amended in 1961. In addition, Article 2832c is a specific statute, whereas Article 842a is a general statute; and it is a well settled rule of judicial construction that a specific statute evidences legislative intent more clearly and will control over a general statute in the event of any conflict. 53 Tex. Jur. 2d 160, Statutes, Sec. 110; Townsend v. Terrell, 118 Tex. 463, 16 S.W. 2d 1063 (1929).

Honorable J. W. Edgar, page 5 (M-455)

Therefore, it is our opinion that Article 842a is not applicable to deposits made pursuant to Article 2832c. Only those approved securities listed in Article 2832c will satisfy deposits made pursuant to that statute.

All of the above listed securities are specifically covered by Article 842a, except the Export-Import Bank of the United States.

Since the Export-Import Bank securities not being specifically covered, in order to qualify they would have to be covered by the general language of Article 842a, to wit:

"Or by an entity, corporation or agency, which has been or which may be created by or authorized by any Act, which has been enacted or which may hereafter be enacted by the Congress of the United States, or by any amendment thereto, which has for its purpose the relief of, refinancing of or assistance to owners of mortgaged or incumbered homes, farms or other real estate and the improvement or financing or the making of loans on any real property ..." (Emphasis added.)

We are unable to say, as a matter of law, that Export-Import Bank securities are not covered by Article 842a. Each such security must be separately examined to determine the nature of its collateral, as real estate collateral, as required, is not necessarily present in each instance. The Handbook of Securities of The United States Government and Federal Agencies, supra, pages 112-113, indicates the Export-Import Bank has broad investment powers and therefore any security of such bank which is specifically secured by a loan on real estate would satisfy Article 842a.

## S U M M A R Y

The provisions of Articles 2832 and 2832c, Vernon's Civil Statutes, do not authorize as approved securities for purposes of securing

school funds the following listed securities:

A. Federal Intermediate Credit Bank Debentures
B. Federal Home Loan Bank Notes
C. Federal National Mortgage Association Notes
and Debentures
D. Federal Land Bank Bonds
E. Banks for Cooperatives' Debentures
F. Export-Import Bank of the United States
Participation Certificates
G. Export-Import Bank of the United States Debentures

On the other hand, all of the above listed securities including F and G, as qualified, would be approved securities for the purpose of securing school depository funds due to application of Article 842a to Article 2832.

The provisions of Article 842a do not apply to deposits made pursuant to Article 2832c.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman

Joseph H. Sharpley
Charles Rose
Fielding Early
Jack Sparks

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant