

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 11, 1971

Honorable Ogden Bass
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas 77515

Opinion No. M-924

Re: Jurisdiction of, and procedure in, the Brazoria County Court of Domestic Relations under S. B. 240, Acts 62nd Legislature, R.S., 1971, relating to Eminent Domain.

Dear Mr. Bass:

In your opinion request of June 11, 1971, you set forth the following three questions:

1. Does S. B. 240, Acts 62nd Legislature, preempt the Brazoria County Court of Domestic Relations in all matters of eminent domain?

2. What matters of eminent domain, if any, may be handled by the Brazoria County Court of Domestic Relations subsequent to passage of S. B. 240, Acts 62nd Legislature?

3. In the event it is decided affirmatively that the Brazoria County Court of Domestic Relations has jurisdiction to try cases of eminent domain, will said cases be tried as if said court was a district court?

Article 2338-19, Vernon's Civil Statutes, which became effective in 1965, created the Brazoria County Court of Domestic Relations and set forth the jurisdiction of said Court including jurisdiction in eminent domain cases as well as concurrent jurisdiction with the county courts. Section 8 provides:

"The jurisdiction of the Brazoria County Court of Domestic Relations shall extend to all matters of eminent domain of which jurisdiction has heretofore been vested in the County Court of Brazoria County, but this provision shall not effect the jurisdiction of the Commissioners' Court or of

-4508-

the County Judge of Brazoria County as to roads, bridges,
public highways and matters of eminent domain which are
now within the jurisdiction of the Commissioners' Court
or the presiding judge thereof, including the right of the
County Judge of Brazoria County to appoint commissioners
in condemnation, receive the reports and enter judgment.
It is the intention of this section to vest in the Brazoria Court
of Domestic Relations jurisdiction to hear any and all matters
in condemnation, whether by commission or jury of view, ap-
peal to the Brazoria County Court of Domestic Relations or to
the County Court only. " (Emphasis added. )

It is clear that prior to the enactment of S. B. 240, Acts 62nd Legis-
lature, the Brazoria County Court of Domestic Relations had judicial juris-
diction to hear and try eminent domain cases, provided that Objections to the
Award of Special Commissioners had been properly filed pursuant to Article
3266, Vernon's Civil Statutes. S. B. 240, which became effective June 9,
1971, provides in part as follows:

"Sec. 1. The district courts of all counties in the
State shall have jurisdiction concurrent with the county
courts at law in eminent domain cases. The county courts
shall have no jurisdiction in eminent domain cases.

"Sec. 2. In all counties in which  there is no county
court at law with jurisdiction of eminent domain cases, the
party desiring to initiate condemnation proceedings shall file
its petition with the district judge; and objections to the award
of the special commissioners shall be filed in the district
court.

"Sec. 3. In all counties in which there is one or more
county courts at law with jurisdiction in eminent domain cases,
the party desiring to initiate condemnation proceedings shall,
except where otherwise specifically provided by law, file its
petition with the judge of the county court at law; and objections
to the award of the special commissioners shall be filed in that
county court at law.

". . .

"Sec. 6.   The provisions of this Act shall not apply to any proceeding pending on the effective date of this Act." (Emphasis added. )

By virtue of Section 1, judicial jurisdiction of eminent domain matters in Texas is vested concurrently in the district courts and the county courts at law except for pending proceedings excluded by Section 6.   Section 7 of S. B.  240 amends Article 1960, Vernon's Civil Statutes, to read as follows:

"Where the jurisdiction of a county court has been taken away, altered or changed by existing law, the jurisdiction shall remain as established, until otherwise provided by law.   The county courts shall have no jurisdiction in eminent domain cases. "

S. B.  240 expressly takes away the jurisdiction of county courts generally to handle eminent domain cases.   It provides that eminent domain proceedings must now be initiated with the district judge by virtue of Section 2, or with the judge of the county court at law under Section 3, and objections to the award of special commissioners must now be filed in the district court under Section 2, or in the county court at law if Section 3 applies.   However, S. B.  240 does not take away the eminent domain jurisdiction expressly granted to the Brazoria County Court of Domestic Relations by Article 2338-19.

It is the general rule of statutory construction that subsequently enacted statutes do not amend or repeal previously enacted statuted by implication only, and that both subsequent and previous statutes are to be read and interpreted so that both can be effective, if possible.   Where one of supposedly conflicting statutes is general in its terms and the other is specific, the special statute more clearly evidences the intention of the Legislature, and therefore it will control, both statutes being permitted to stand.   Townsend v. Terrell, 188 Tex.  463, 16 S. W. 2d 1063 (1929).   Article 2338-19 is a special statute conferring judicial jurisdiction of eminent domain matters on the Brazoria County Court of Domestic Relations, and to that extent is controlling over S. B.  240, a general statute.

It is our opinion that S. B.  240, Acts 62nd Legislature, did not preempt the Brazoria County Court of Domestic Relations in all matters of eminent domain, and that said court has jurisdiction of eminent domain cases in Brazoria County.

Sections 2 and 3 of S. B. 240 now provide the means whereby eminent domain proceedings must be initiated, and how objections to the award must be filed. When the Legislature enacted Article 2338-19, did it create a district court or a county court at law with eminent domain jurisdiction or did it create some other court? The Brazoria County Court of Domestic Relations has characteristics of a district court, a domestic relations court, a probate court, and a county court at law. Section 1 of Article V of the Texas Constitution was amended in 1891, adding the provision:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

In construing the provisions of the quoted amendment, the Supreme Court of Texas, in Jordan v. Crudgington, 149 Tex. 237, 231 S. W. 2d 641 (1950), held that the Legislature may legally authorize a domestic relations court to exercise some of the general jurisdiction of a district court. However, it said that the pattern need not conform to the pattern of either district courts or county courts, and that the Court of Domestic Relations of Potter County was neither a district court nor a county court. We think the same is true with the Brazoria County Court of Domestic Relations. The Legislature created a domestic relations court and gave it additional jurisdiction, including eminent domain, but it is our opinion that the court created is not a county court at law as such a court is referred to and contemplated by S. B. 240. Therefore, subsequent to June 9, 1971, eminent domain proceedings in Brazoria County must be initiated with the district judge under Section 2 of S. B. 240.

Clearly, by virtue of Section 6 of S. B. 240, the Brazoria County Court of Domestic Relations may continue to handle eminent domain proceedings pending on June 9, 1971, where objections have been properly filed pursuant to Article 3266. In eminent domain proceedings filed with the district judge after June 9, 1971, objections to the award must be filed in the district court. S. B. 240 makes no provision for the transfer of cases from the district to some other court such as the Brazoria County Court of Domestic Relations. However, Section 4 of Article 2338-19 provides:

"Sec. 4. All cases enumerated or included above may be instituted or transferred to the Court of Domestic

Relations.  Immediately after this Act takes effect
all cases enumerated or included must be trans-
ferred to the Court of Domestic Relations created
by this Act.  Thereafter the Judges of the District
Courts of Brazoria County may transfer any case with-
in the jurisdiction of the Court of Domestic Relations
created by this Act to said Court of Domestic Relations,
and the Judge of the Court of Domestic Relations may
transfer any case pending in said Court to any District
Court of Brazoria County as designated by the presid-
ing District Judge of said County.  Said Court of Domestic
Relations may also sit for any of the District Courts of
Brazoria County and hear and decide for such Courts any
case coming within the jurisdiction of the Court of Do-
mestic Relations created by this Act.  All District Courts
of Brazoria County may likewise sit for, hear and decide
cases pending in the Court of Domestic Relations, as the
sitting for, hearing and deciding cases as now or here-
after may be authorized by law for all District Courts of
Brazoria County. "  (Emphasis added. )

It is our opinion that the Brazoria County Court of Domestic Re-
lations may handle all eminent domain matters pending on June 9, 1971,
and may handle eminent domain cases initiated pursuant to S. B. 240 which
are transferred by the district courts to said court under the provisions of
Section 4 of Article 2338-19.

Section 22 of Article 2338-19 provides:

"Sec. 22.  The practice and procedure, rules of
evidence, the drawing of jury panels, selection of juries,
issuance of process and all other matters pertaining to the
conduct of trials and hearing in said Court shall be governed
by provisions of this Act and the laws and rules pertaining
to District Courts, general or special, as well as County
Courts; provided that juries in all matters civil or criminal
shall always be composed of twelve (12) members except
that in misdemeanor criminal cases the juries shall be com-
posed of six (6) members, as well as six (6) member juries

in cases where this court has concurrent jurisdiction with the County Court as herein provided."

Eminent domain cases pending in Brazoria County on June 9, 1971, if tried in the Brazoria County Court of Domestic Relations, must be tried before six (6) member juries, since the jurisdiction to try such cases is concurrent with the county court. The general provision in Section 22 for twelve (12) member juries will apply to those cases initiated subsequent to the enactment of S. B. 240.

It is our opinion that eminent domain matters tried in the Brazoria County Court of Domestic Relations must be tried as if the court was a district court, excepting those cases pending on June 9, 1971, which will be tried before six (6) member juries.

## SUMMARY

The Brazoria County Court of Domestic Relations has jurisdiction to try cases of eminent domain which are transferred to it by the district courts of Brazoria County, and such cases must be tried as if said court was a district court. Said court may also try eminent domain matters pending in Brazoria County on June 9, 1971, but such cases must be tried before six (6) member juries.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert L. Towery
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

C. W. Pearcy
Houghton Brownlee
Larry Craddock
Mel Corley

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant