OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


August 29, 2000

The Honorable Robert Turner
Chair, Public Safety Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0275

Re:  Adoption of a fire code by the Travis County
Emergency Services District No. 6  (RQ-0209-JC)

Dear Representative Turner:

You state that the Travis County Emergency Services District No. 6 ("the ESD") intends to enact a fire code pursuant to section 775.036(b) of the Health and Safety Code. This provision authorizes the board of an emergency services district to adopt and enforce a fire code "that does not conflict with a fire code adopted by another political subdivision that also contains within its boundaries any portion of the land contained in the district." TEX. HEALTH & SAFETY CODE ANN. § 775.036(b) (Vernon Supp. 2000). You ask several questions relating to possible conflicts between the ESD fire code and the fire codes of overlapping political subdivisions. We conclude that a fire code adopted by the ESD must be free of conflict with codes adopted by municipalities located in whole or in part in the territory of the ESD, even though the ESD may not enforce its fire code within a municipality that has adopted a fire code. If the ESD adopts a fire code, and a city or county later adopts or amends its fire code to be in conflict with the fire code adopted by the ESD, the ESD's fire code is rendered unenforceable to the extent of such conflicts. The ESD lacks authority to regulate fire alarms and false alarms.

Chapter 775 of the Health and Safety Code authorizes the organization of emergency services districts, as provided by article III, section 48-e of the Texas Constitution, to be governed by a board of emergency services commissioners. See id. §§ 775.001, .003 (Vernon 1992). The commissioners court of a county in which a single-county district is located appoints the five-member board of emergency services commissioners. See id. § 775.034(a) (Vernon Supp. 2000); see also id. § 775.035(a) (emergency services commissioners of a district located in more than one county are elected). "Such a district may provide emergency medical services, emergency ambulance services, rural fire prevention and control services, or other emergency services authorized by the Legislature." TEX. CONST. art. III, § 48-e. A district need not, however, provide all the services it is authorized to perform. See TEX. HEALTH & SAFETY CODE ANN. § 775.031(d) (Vernon Supp. 2000).

Your questions concern the limits on the ESD board's authority under Health and Safety Code section 775.036(b) to adopt fire code provisions. You first ask whether a fire code adopted

by the ESD must be free of conflict with any and all codes adopted by municipalities located in whole or in part in the territory of the ESD, even though the ESD may not enforce its own fire code in such municipalities. *See* Request Letter at 1.[1]

Section 775.036(b) provides in part:

> The board may adopt and enforce a fire code, including fines for any violations, *that does not conflict with a fire code adopted by another political subdivision that also contains within its boundaries any portion of the land contained in the district* and may require inspections in the district relating to the causes and prevention of fires and medical emergencies . . . . The board may not enforce the district's fire code within the boundaries of a municipality that has adopted a fire code.

TEX. HEALTH & SAFETY CODE ANN. § 775.036(b) (Vernon Supp. 2000) (emphasis added).

As a governmental entity, the ESD derives its powers from legislative enactments and is subject to legislative control and supremacy. *See Blessing v. City of Galveston*, 42 Tex. 641 (1874); *Texas Workers' Compensation Comm'n. v. City of Bridge City*, 900 S.W.2d 411, 413 (Tex. App.–Austin 1995, writ denied). Section 775.036(b) authorizes the ESD to adopt only those provisions not in conflict with those adopted by another political subdivision that contains within its boundaries any of the land included in the district. Thus, its authority to adopt fire code provisions is subordinate to the legislative authority on this subject exercised by overlapping political subdivisions. In addition, any fire code provisions the ESD adopts must be consistent with the constitution and statutes. *See generally State v. Jackson*, 376 S.W.2d 341, 344-45 (Tex. 1964).

A city is a political subdivision of the state. *See Texas Nat'l Guard Armory Bd. v. McCraw*, 126 S.W.2d 627, 638 (Tex. 1939). According to the plain meaning of section 775.036(b), the ESD may not adopt a code that conflicts with a code of an overlapping city. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases of statutes "shall be read in context and construed according to the rules of grammar and common usage"). You suggest, however, that an ESD may adopt fire code provisions that conflict with the fire code provisions of an overlapping municipality. You base this suggestion on the provision barring an ESD from enforcing its fire code within the boundaries of a municipality that has adopted a fire code. Your construction in effect excludes a municipality from the definition of "political subdivision."

We do not construe the sentence in question as authorizing an ESD to adopt fire code provisions in conflict with those of an overlapping municipality which the ESD could then enforce right up to the municipality's boundaries. The sentence refers only to the enforcement of fire code

---

[1]Letter from Honorable Robert Turner, Texas State Representative, District 73, Chair, Public Safety Committee, to Honorable John Cornyn, Texas Attorney General (Mar. 23, 2000) (on file with Opinion Committee).

provisions within a city's boundaries and does not expressly broaden an ESD's power to adopt conflicting fire code provisions. In our opinion, the restriction on an ESD enforcing its fire codes within an overlapping municipality means that it may not enforce even those fire code provisions that are consistent with the city's fire code within the city's boundaries. If the legislature wishes an ESD to be able to adopt fire code provisions that are in conflict with the provisions of municipal fire codes, it may authorize ESDs to do so.

Whether a particular ESD fire code conflicts with a city fire code must be determined on a case-by-case basis by comparing the provisions that appear to be in conflict. However, section 775.036(b) does not prevent an ESD from adopting code provisions that are cumulative of fire code provisions of overlapping political subdivisions or otherwise in harmony with them. *See* III OXFORD ENGLISH DICTIONARY 713 (2d ed. 1989) ("conflict" means "to be at variance, be incompatible"); *see generally; Townsend v. Terrell*, 16 S.W.2d 1063, 1064 (1929) (discussing inconsistency of statutes for purposes of determining whether one statute impliedly repeals another); *State v. International & G.N.R.R. Co.*, 57 Tex. 534 (1882).

Your second question is as follows:

> (2)     If the ESD adopts a fire code, and Travis County later adopts a fire code that conflicts with the code adopted by the ESD, is the ESD's fire code thereby rendered invalid or unenforceable, whether wholly or only to the extent of such conflict?

Request Letter, *supra* note 1, at 2.

Travis County includes within its boundaries the land within the Travis County Emergency Services District No. 6, and, accordingly, the fire code adopted by the ESD may not conflict with the Travis County Fire Code. Chapter 235 of the Local Government Code authorizes the commissioners court of a county with a population of over 250,000 to adopt a fire code applicable to certain kinds of buildings in the unincorporated area of the county. *See* TEX. LOC. GOV'T CODE ANN. §§ 235.001-.002 (Vernon 1999). The commissioners court of Travis County may adopt a fire code under this chapter. *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 4 (1992) (population of Travis County: 576,407). Section 775.036(b) of the Health and Safety Code does not repeal or otherwise limit the authority of a county to enact a fire code pursuant to Local Government Code chapter 235, nor does it "grandfather" code provisions adopted by an ESD. If the ESD adopts a fire code, and Travis County later adopts a fire code that conflicts with the ESD code, the ESD fire code may no longer be enforced to the extent of any conflict with the Travis County code.

Your third question is as follows:

> (3)     If a municipality located in whole or in part in the territory of the ESD adopts or amends its fire code to be in conflict with the fire

code adopted by the ESD, is the ESD's fire code thereby render[ed]
invalid or unenforceable in whole or to the extent of such conflicts?

Request Letter, *supra* note 1, at 2.

Texas municipalities include Type A, Type B, and Type C general-law municipalities, home-rule municipalities and special-law municipalities. *See* TEX. LOC. GOV'T CODE ANN. §§ 5.001-.005 (Vernon 1999). Municipalities have authority to adopt and enforce ordinances providing for the public health and safety, including fire safety ordinances. *See, e.g., id.* §§ 51.001, .012, .032, .051, .052, .072; 54.012; 342.001-.003, .012 (Vernon 1999); *Town of Ascarate v. Villalobos*, 223 S.W.2d 945, 950 (Tex. 1949); *Grothues v. City of Helotes*, 928 S.W.2d 725, 731 (Tex. App.–San Antonio 1996, no writ). A home-rule municipality may adopt ordinances that are not inconsistent with the constitution, the general laws, or the city's charter. *See* TEX. CONST. art. XI, § 5; *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998). Section 775.036(b) of the Health and Safety Code does not repeal or otherwise limit a city's statutory authority to adopt fire codes or the constitutional authority of a home-rule city to adopt fire code provisions. If a municipality located in whole or in part in the territory of the ESD adopts or amends its fire code to be in conflict with the fire code adopted by the ESD, the ESD's fire code is thereby rendered unenforceable to the extent of such conflicts.

Your fourth question is as follows:

> (4)    May the ESD include [in] its fire code regulations of fire
> alarms and false alarms that [are] either consistent with or in conflict
> with the provisions of Tex. Loc. Government Code Chapter 237,
> providing for county regulation [of] alarm systems?

Request Letter, *supra* note 1, at 2.

In our opinion, the authority of an ESD to adopt a fire code does not include the authority to regulate fire alarms and false alarms. A district has express authority under section 775.040 of the Health and Safety Code to "charge a reasonable fee for emergency services . . . including a fee for responding to a false alarm." TEX. HEALTH & SAFETY CODE ANN. § 775.040 (Vernon Supp. 2000). The existence of this separate provision suggests that the authority under section 775.036(b) to adopt a fire code does not authorize a district to regulate fire alarms. The language of section 775.036(b), providing that the board of an ESD may "adopt and enforce a fire code," should be contrasted with the detailed provisions of chapter 237 of the Local Government Code which authorizes certain counties to regulate "alarm system[s]," including fire alarms. *See* TEX. LOC. GOV'T CODE ANN. § 237.001(2) (Vernon 1999) (defining "alarm system" to include various kinds of devices used to prevent or detect burglary, theft, pilferage, fire or other loss of property, to prevent or detect intrusions, or to detect and summon aid for emergencies). Pursuant to chapter 237, the commissioners court may authorize the sheriff to propose rules to implement chapter 237, to regulate the incidence of and response to false alarms in accordance with those rules, and to establish permit

procedures. *See id.* § 237.002(a). In a county in which the sheriff regulates alarm systems under chapter 237, a person may not use an alarm system without a permit issued in accordance with the chapter. *See id.* § 237.003. The commissioners court has express authority to establish a reasonable permit fee. *See id.* § 237.004.

Under chapter 237, alarm systems are regulated through a permitting process, and the statute expressly authorizes rule-making, the requirement of an alarm permit, and the collection of a fee for using an alarm. The absence of such provisions in Health and Safety Code chapter 775 indicates that the ESD lacks authority to regulate fire alarms and false alarms. Moreover, section 237.005 of the Local Government Code provides that "[t]his chapter does not affect the authority of a municipality in the county to enact ordinances regulating alarm systems." *Id.* § 237.005. The express exclusion of municipal ordinances regulating alarm systems suggests that chapter 237 does limit the authority of other political subdivisions to enact such ordinances. Accordingly, we conclude that the authority of the Travis County Emergency Services District No. 6 to adopt a fire code does not impliedly include the authority to regulate fire alarms and false alarms.

## S U M M A R Y

The board of an emergency services district organized pursuant to chapter 775 of the Health and Safety Code may adopt a fire code that does not conflict with a fire code adopted by another political subdivision that contains within its boundaries any portion of the land contained in the district. The fire code of an emergency services district may not conflict with the code of a municipality with overlapping territory, even though the district may not enforce its fire code in municipalities.

If the district adopts a fire code, and a city or county later adopts or amends its fire code to be in conflict with the district's fire code, the district's fire code is thereafter unenforceable to the extent of such conflicts. An emergency services district lacks authority to regulate fire alarms and false alarms.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee