

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 27, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

                    Opinion No. WW-674

                    Re:  Procedure to be used
                              in disbursing the
                              trust funds of the
                              Teacher Retirement
Dear Mr. Calvert:             System.

      We have your letter of June 11, 1959, in which
you request our opinion on the procedure to be used
in disbursing trust funds of the Teacher Retirement
System.

      Sub-section 3 of Section 13 of Article 2922-1,
Vernon's Civil Statutes reads as follows:

> "The Treasurer of the State of
> Texas shall be the custodian of all
> bonds, securities, and funds.  All
> payments from said funds shall be
> made by him <u>on warrants</u> drawn by the
> State Comptroller of Public Accounts
> <u>supported only upon vouchers signed</u>
> <u>by the Executive Secretary of the Re-</u>
> <u>tirement System.</u>  A duly attested copy
> of a resolution of the State Board of
> Trustees designating such person shall
> be filed with said Comptroller as his
> authority for issuing such warrants."
> (Emphasis added)

      It appears that your request is predicated on
a possible conflict between the above quoted statute
and Article 4393a, Vernon's Civil Statutes, which
reads in part as follows:

> "All moneys and other securities placed in the hands of the State Treasurer in trust for any legal purpose shall be received by the State Treasurer on a deposit receipt issued by the State Comptroller . . . Such moneys or other securities shall be withdrawn <u>by trust and suspense draft</u> in the case of money, and withdrawal authorization in the case of other securities, which instruments shall be issued serially and signed by the State Comptroller. . . ." (Emphasis ours)

In Attorney General's Opinion WW-407 (1959) we held that the State Treasurer is charged with requiring satisfactory proof of the claimant's right to funds before he would be authorized to deliver them to the owner or his authorized representative.

You seek our opinion on the following questions:

> "You will note that Article 2922-1, Section 13, Sub-section 3, in setting out the method to be used in withdrawing funds, the word warrant is used.
>
> "Article 4393a provides that the withdrawal of Trust funds shall be by the use of a Trust and Suspense draft.
>
> "Please advise.
>
> "(1). Are the words warrant and Trust and Suspense Draft synonymous, if not, what procedure should be used in disbursing the trust funds of the Teacher Retirement System?
>
> "(2). The Treasury being the custodian of all Trust funds, what type of approval, if any, should be required of him before issuing the instruments necessary for the withdrawal of such funds from his posseesion?"

Article 4393a, originally passed in 1945, deals generally with methods of receiving and disposing of trust moneys by the State Treasurer; of accounting for such moneys by the Treasurer and Comptroller; and for the supervision of such moneys by the State Comptroller

while they are in trust.  In this general statute, it is directed that such moneys shall be withdrawn by "trust and suspense draft."

However, Article 2922-1, which became effective in 1956, deals specifically with the Teacher Retirement System and provides in detail how those trust funds are to be disbursed.  Such statute provides payments from such fund shall be made by the Treasurer "on warrants drawn by the State Comptroller of Public Accounts."

Even if we assume the statutes are in conflict, it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that the specific statute will control.  (Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929,).  Furthermore, Article 2922-1 specifically provides the proof to be required by either the Comptroller or the Treasurer before the warrants are issued and paid.

## SUMMARY

Under Article 2922-1, Vernon's Civil Statutes, Trust Funds of the Teacher Retirement System are to be disbursed by the Treasurer on warrants issued by the Comptroller; such warrants are to be supported only by a voucher signed by the Executive Secretary of the Retirement System, who has been properly designated.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

TIM:rm

Honorable Robert S. Calvert, page 4 (WW-674)


APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. Arthur Sandlin
Jot Hodges, Jr.
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert