

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 13, 1967

Hon. Burton G. Hackney
Commissioner, State Department·
  of Public Welfare
John H. Reagan Bldg.
Austin, Texas

Opinion No. M-157

Re: Whether Section 16 of House Bill 354, Acts
60th Legislature, 1967, Regular Session, ch.
328, p. 778, amending Article 6687b, Ver-
non's Civil Statutes, conflicts with federal and
state laws, or rules or regulations of the De-
partment of Health, Education, and Welfare
for safeguarding the confidentiality of records
and related questions.

Dear Mr. Hackney:

You have requested the opinion of this office on several questions concerning the
legality of the Department of Public Welfare furnishing to the Texas Department of Public Safety
a monthly list of those individuals applying for or receiving assistance as a needy blind person, as
required by the provisions of House Bill 354, Acts 60th Legislature, 1967, ch. 328, p. 778, which
amends Article 6687b, Vernon's Civil Statutes.

Section 16 of House Bill 354 provides for a new section in Article 6687b to be
known as Section 30A and such new provision provides as follows:

"[a] Once each month the Department of Public Welfare shall furnish
the Department of Public Safety a list of those persons who apply for or re-
ceive assistance to the needy blind. The list is privileged information and may
be used only by the Department of Public Safety.

"[b] The Department of Public Safety shall revoke the license of every
person whose name appears on the list referred to in Subsection [a]."

Section 1 of House Bill 354 amends Section 4 of Article 6687b to provide in part
as follows:

"Sec. 4. The Department shall not issue any license hereunder:

". . .

"10. To a person who applies for or receives public assistance as a
needy blind person."

Section 33 of Article 695c, Vernon's Civil Statutes, the Public Welfare Act of

1941, provides as follows:

"(1) It shall be unlawful, except for purposes directly connected with the administration of general assistance, Old Age Assistance, Aid to the Blind, or Aid to Dependent Children, and in accordance with the rules and regulations of the State Department, for any person or persons to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of, any list of, or names of, or any information concerning, persons applying for or receiving such assistance, directly or indirectly derived from the records, papers, files, or communications of the State Department or subdivisions or agencies thereof, or acquired in the course of the performance of official duties.

"(2) The rule-making power of the State Department shall include the power to establish and enforce reasonable rules and regulations governing the custody, use, and preservation of the records, papers, files, and communications of the State Department and its local offices. Wherever, under provisions of law, names and addresses of recipients of public assistance are furnished to or held by any other agency or department of government, such agency or department of government shall be required to adopt regulations necessary to prevent the publication of lists thereof or their use for purposes not directly connected with the administration of public assistance."

Your initial question upon which you seek our opinion is set forth as follows:

"1. Is Section 16 of House Bill No. 354 in conflict with the federal and state laws and the rules and regulations promulgated by the Department of Health, Education and Welfare for the safeguarding of the confidentiality of records?"

Title X of the Federal Social Security Act provides for grants to states for Aid to the Blind, and 42 U.S.C.A. § 1202 provides in part that:

"(a) A state plan for aid to the blind must . . .

"(9) provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of aid to the blind; . . . ."

Section 618 of the Revenue Act of 1951, 65 STAT. 569, Public Law 183, 82nd Congress, provides that:

"No state or any agency or political subdivision thereof shall be deprived of any grant-in-aid or other payment to which it otherwise is or has become entitled pursuant to Title I (other than Section 3(a)(3) thereof)),

IV, X, XIV or XVI (other than Section 1603(a)(3) thereof) of the Social Security Act, as amended, by reason of the enactment or enforcement by such state of any legislation proscribing any conditions under which public access may be had to records of the disbursement of any such funds or payments within such state, if such legislation prohibits the use of any list or names obtained through such access to such records for commercial or political purposes."

While this office is of the opinion that the provisions of Section 16 of House Bill 354 and Article 695c are not in conflict with the federal statutes and the rules and regulations promulgated by the Department of Health, Education and Welfare, such opinion is not binding upon the Department of Health, Education and Welfare. This would be particularly true in view of the holding in *State of Indiana ex rel. Indiana State Board of Public Welfare v. Ewing*, 99 Fed.Supp. 734 (1951), wherein the court stated in its opinion that:

"Whether a state plan complies with the requirements of federal statutes must, in the first instance, be determined by the administrator of the federal act."

As the remaining questions upon which you seek our opinion are related, all of such questions will be set forth as follows:

"2. If it is in conflict, then should the Department be governed by those portions of the Federal and State Laws which prohibit the Department from releasing lists of names of applicants or recipients from its records, or should the Department be governed by the provisions of House Bill No. 354?

"3. Insofar as we could determine there is no provision in House Bill No. 354 which specifically repeals any laws in conflict with it; therefore, if this is in conflict with Section 33 of Article 695c, Vernon's Texas Civil Statutes, does it have the effect of repealing it insofar as it is in conflict?

"4. Under the law is the State Department of Public Welfare required to furnish the list of applicants and recipients on a monthly basis to the Department of Public Safety to be used in accordance with the provisions of House Bill No. 354?

"5. Since the Department of Health, Education and Welfare has advised us that a serious question of conformity with Section 1002(a)(9) of the Social Security Act would arise should the Department of Public Welfare respond to the request of the Department of Public Safety, then what is the Department's position if it is ruled that the Department is required to furnish this list?"

Section 33 of Article 695c prohibits the State Department of Public Welfare from disclosing the names of applicants for or recipients of the Aid to the Blind program administered by the State Department of Public Welfare except for purposes directly connected with the administration of the Aid to the Blind program.

The recently enacted provisions of Section 16 of House Bill 354 require the State Department of Public Welfare to make available to the Texas Department of Public Safety a monthly list of those individuals making application for or receiving benefits under the Aid to the Blind program administered by the State Department of Public Welfare. In addition, Section 4 of Article 6687b, as amended by Section 1 of House Bill 354, specifies that the Texas Department of Public Safety shall not issue any driver's license to a person who applies for or receives public assistance as a needy blind person.

The basic issues raised by your remaining questions deal with whether there is a conflict between Section 16 of House Bill 354 and the existing provisions of Section 33 of Article 695c, and if there is a conflict between these two statutory provisions, the effect of such conflict.

While it may be contended that the provisions of Section 33 of Article 695c, which prohibit disclosure of the names of applicants for and recipients of the Aid to the Blind program administered by the State Department of Public Welfare, seem to conflict with the requirements of Section 16 of House Bill 354, that the State Department of Public Welfare must make available to the State Department of Public Safety a list of names of those people applying for assistance or receiving assistance under the Aid to the Blind program administered by the State Department of Public Welfare, it could also be effectively argued that the disclosure of this information by the State Department of Public Welfare to the State Department of Public Safety would be for a purpose directly connected with the administration of the Aid to the Blind program. Certainly, it would be in the best interest of the individual applicant or recipient, as well as the public as a whole, to take steps to insure that these needy blind people are not endangering themselves, as well as the public, by attempting to operate a motor vehicle.

However, regardless of the foregoing, we are of the opinion that there is no necessity to resolve the issue of whether the provisions of Section 16 of House Bill 354 conflict with the existing provisions of Section 33 of Article 695c. The case of *Townsend v. Terrell*, 118 Tex. 463, 16 S.W.2d 1063 (1929), sets forth certain rules of statutory construction which would be applicable to the issue here presented, and in this case the court stated in its opinion that:

> ". . . It is well settled that repeals by implication are not favored, and that all acts and parts of acts in pari materia are to be construed as a whole and interpreted in such manner as that all may stand where such may reasonably be done. It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments.

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand - the general one applicable to all cases except the particular one embraced in the specific statute . . . ."

In the instant case we have a general statute prohibiting the disclosure of certain information enacted prior to a specific statute allowing the disclosure of the same information under certain circumstances. Applying the rule of statutory construction set forth in *Townsend v. Terrell, supra,* the specific provisions of Section 16 of House Bill 354 more clearly evidences the intention of the legislature than the general terms of Section 33 of Article 695c, and therefore the provisions of Section 16 of House Bill 354 will control. Both statutes are permitted to stand - the general provisions of Section 33 of Article 695c are applicable to all cases except the particular circumstances embraced in Section 16 of House Bill 354.

Consequently, we are of the opinion that pursuant to the provisions of Section 16 of House Bill 354 the State Department of Public Welfare must make available to the State Department of Public Safety a monthly list of those individuals applying for or receiving public assistance as a needy blind person. We are also of the further opinion that the existing provisions of Section 33 of Article 695c will remain in full force and effect in all other situations.

While your opinion request has informed us that the Regional Representative of the Bureau of Family Services, Department of Health, Education and Welfare has informed the State Department of Public Welfare that there is a serious question of whether the state plan of Texas now conforms with the provisions of 42 U.S.C.A. § 1202, since the enactment of Section 16 of House Bill 354, we are of the opinion that the State Department of Public Welfare must comply with the statutory enactments of the Legislature of the State of Texas regardless of whether such enactment and their application result in the Texas plan for assistance to needy blind persons being declared by the Department of Health, Education and Welfare to be no longer in conformity with the federal statutes and rules and regulations of the Department of Health, Education and Welfare. Should at some future date there be a determination by the Department of Health, Education and Welfare that the Texas plan for assistance to needy blind persons is no longer in conformity with federal statutes and regulations, then it will be the responsibility of the Legislature to decide what steps, if any, will be taken to bring the Texas plan into conformity.

## SUMMARY

The State Department of Public Welfare must furnish to the Texas Department of Public Safety, pursuant to the provisions of Section 16 of House Bill 354, Acts 60th Legislature, Regular Session, Chapter 328, page 778, codified as Section 30A of Article 6687b, Vernon's Civil Statutes, a

list of each person who applies for or receives public assistance as a needy blind person, regardless of the existing provisions of Section 33 of Article 695c, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Bill Allen
John Reeves
Houghton Brownlee

A. J. CARUBBI, JR.
Staff Legal Assistant