**12**

Bob ARMSTRONG, Commissioner of the
General Land Office and the State of
Texas, Appellants,

v.

PENROC OIL AND GAS CORPORA-
TION, Appellee.

No. 12403.

Court of Civil Appeals of Texas,
Austin.

June 9, 1976.

Rehearing Denied June 30, 1976.

John L. Hill, Atty. Gen., of Texas, J.
Milton Richardson, Asst. Atty. Gen., Austin,
for appellants.

Martin L. Allday, D. Bruce Pope, Tom C.
McCall, Lynch, Chappell, Allday & Al-
dridge, Midland, for appellee.

O'QUINN, Justice.

Penroc Oil Corporation brought this suit
against the State of Texas in August of
1973, pursuant to permission obtained from
the Legislature, to recover $57,778, fur-
nished by Penroc, and paid by International
Sulphur and Minerals, Inc., as bonus consid-
eration and filing fees to the Commissioner
of the General Land Office for certain min-
eral leases covering mineral classified lands
in Hudspeth County.

Penroc claimed position of a *cestui que
trust* by reason of false and fraudulent rep-
resentations made by International Sulphur
to Penroc, resulting in a constructive trust.
Alternatively, Penroc claimed, as a stock-
holder and judgment creditor of Interna-
tional Sulphur, that the state sulphur leases
granted to International were void *ab initio*
and Penroc was entitled to refund of $57,-
778 paid for the leases.

The position of the State is that (1) no
person or entity, except the State, has au-
thority to question validity of the sulphur
leases, and (2) money paid as bonus and
filing fees for the leases, voluntarily
tendered the State Treasury, may not be
recovered by suit.

Both Penroc and the State moved for
summary judgment in district court, and
the trial court entered judgment against
the State and for Penroc awarding recovery
of $57,778. We will reverse the judgment
of the trial court and render judgment that
Penroc take nothing by its suit.

All the leases by their own terms expired
on June 1, 1969, when delay rentals were

not paid and no sulphur production had been obtained. In two actions in Midland County, Penroc obtained final judgments against International Sulphur and other parties on the basis of fraud, but in this suit Penroc does not allege fraud as to the bonus money and filing fees in its motion for summary judgment. Penroc urged that the leases were void because in violation of Article 5421c–10 (V.A.C.S.) which prescribes percentages of bonus money which Penroc says the State did not receive. International Sulphur's right to do business in Texas was forfeited in April of 1970 and its charter was forfeited in April of the following year. Penroc claims right to $57,778 paid to the State for the leases as stockholder of the defunct corporation.

The State contends that the consideration the State received for the leases was equal to or greater than the percentage required by statute, that the State received valuable benefits for the Public Free School Fund, and the leases were approved by the Commissioner of the General Land Office and afterwards received by International Sulphur. Under these facts, the State insists, Penroc is without standing to challenge validity of the leases, which can be questioned in court only by the State.

We hold that Penroc may not recover for two reasons: *First,* Penroc is without standing to question validity of the leases, and, *second,* money paid voluntarily into the State Treasury by a party on a void or voidable demand with full knowledge of all the facts may not recover from the State in the absence of fraud.

■ It is settled that only the State may challenge validity of leases on state owned mineral classified lands. *Colquitt v. Gulf Production Company,* 52 S.W.2d 235, 238 (Tex.Comm'n App.1932, judgment adopted). In *Colquitt* the court clearly stated the rule: "Being, in law, the only lessor of the mineral estate and all its incidents, the state is the only one who could maintain an action to avoid the transaction, even if good cause existed therefor * * * So long as the contract is not canceled at the suit of the state, it is apparently a valid

one, and all the parties thereto having an interest in the subject-matter are bound thereby." (52 S.W.2d 238)

The principle of law announced in *Colquitt* has not been overruled or altered in subsequent decisions. See *Lewis v. Oates,* 145 Tex. 77, 195 S.W.2d 123, 126 (1946); *Norman v. Giles,* 148 Tex. 21, 219 S.W.2d 678, 684 (1949). The rule was recognized and the same conclusion reached in *Phillips Petroleum v. Ham,* 228 F.2d 217 (5th Cir. 1955).

■ The second basis for our holding that Penroc may not recover is the rule of *State v. Perlstein,* 79 S.W.2d 143, 148 (Tex. Civ.App. Austin 1935, writ dism'd). There this Court said, "If it be conceded that the conveyance was void . . . appellees are nevertheless precluded a recovery herein under the rule that money voluntarily paid on a void demand, in absence of fraud and with full knowledge of all facts, cannot be recovered back." Penroc argues that the State had notice of International Sulphur's fraud on Penroc and that *Perlstein* therefore is not controlling. The record fails to establish that the General Land Office had any notice of possible fraud before the leases were approved and filed.

Since both parties moved for summary judgment and the trial court granted one motion and expressly denied the other, this Court will render judgment the trial court should have rendered. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958); *State v. Rope,* 419 S.W.2d 890, 899 (Tex.Civ.App. Austin 1967, writ ref. n. r. e.).

We reverse the judgment of the trial court and render judgment that Penroc take nothing by its suit.

Reversed and Rendered.