**LORENZO TEXTILE MILLS, INC., Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts, State of Texas, et al., Appellees.**

No. 12700.

Court of Civil Appeals of Texas, Austin.

May 3, 1978.

Jack McCutchin, Jr., Crenshaw, Dupree & Milam, Lubbock, Michael L. Cook, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Gayle Johnson Cipriano, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

Lorenzo Textile Mills, Inc., the appellant, brought action in district court of Travis County to recover $9,677.18 in sales and use taxes, previously paid under protest to the Comptroller of Public Accounts, in conformity with Articles 1.05 and 20.10, Title 122A, Taxation-General, V.A.C.S. The Attorney General and the State Treasurer were also made parties defendant as required by statute.

In district court the taxpayer contended, and contends on appeal, that the State's claim for the taxes, based on the Comptroller's determination of deficiency, was barred by limitations because notice of the determination was not given within four years after the last day of the tax period in reliance on Article 20.06(D)(1), Taxation-General. The Comptroller defended in reliance on Article 1.045(A)(3), Taxation-General, as permitting assessment or suit "at any time."

Both parties filed and urged motions for summary judgment in district court. The trial court granted the State's motion and entered judgment that Lorenzo Textile take nothing by its suit.

Since both parties filed motions for summary judgment, and the trial court granted one motion and denied the other, we follow the rule of review approved in *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958); *State v. Rope*, 419 S.W.2d 890, 899 (Tex.Civ. App. Austin 1967, writ ref'd n.r.e.); *Armstrong v. Penroc Oil & Gas Corp.*, 538 S.W.2d 12, 13 (Tex.Civ.App. Austin 1976, writ ref'd n.r.e.). We will reverse judgment of the trial court and will render judgment that the taxpayer recover its taxes with interest as provided by law.

The facts presented in the record are not in dispute. The quarterly periods of the taxes sought by the Comptroller extended from April 1, 1966, through December 31, 1973. Notice of deficiency determination was issued by the Comptroller April 29, 1974. Lorenzo Textile paid all taxes, penalty and interest due for the periods *after* December 31, 1969.

The taxpayer declined, however, to pay the amounts determined by the Comptroller in the years prior to 1970 because notice of the deficiency determination, issued in April of 1974, was not given within *four years* after the last day of the calendar month following the quarterly period for which the amount was proposed to be determined, or was not within *four years* after the day tax returns were filed. In this position Lorenzo Textile relied on provisions of Article 20.06(D)(1) prescribing that notices of deficiency determinations be given within four years after a tax period, or within four years after a return is filed.

After declining to pay such taxes as Lorenzo Textile considered barred by the limitations of Article 20.06(D)(1), the company petitioned the Comptroller for a redetermination which was denied. Lorenzo Textile paid $9,720.38 under protest and made a claim for refund which also was refused by the Comptroller. The taxpayer timely filed

this suit to recover the taxes paid under protest.

The controlling issue is whether the taxes were barred in four years under Article 20.06(D)(1), specifically applicable to sales, excise and use taxes, or not barred until after such longer period as provided in the subsequent enactment of Article 1.045. The State contends that Article 1.045, which became effective July 1, 1967, ". . . repealed by implication the earlier Art. 20.06(D)(1) to the extent of any conflict with the exception provided for in Art. 1.045(A)(3)."

Lorenzo Textile contends that Article 1.045(B), immediately following the portion of the statute the State relies on, preserves the limitation of four years found in Article 20.06(D)(1). The text of Article 1.045(A)(1)(2)(3)(B) is set out below:

"(A) Limitation. *Except where a shorter period of time is provided in this Title*, the Comptroller shall assess any tax imposed by this Title within seven (7) years from the date such tax is due and payable, and the Comptroller may bring an action in the course of this State, or of any other state, or of the United States within seven (7) years from the date such tax is due and payable to collect the amount delinquent together with penalties and interest. No action may be commenced to collect taxes imposed by this Title after seven (7) years (or such other shorter period of time as may be provided in this Title) from the date such tax is due and payable, provided that:

"(1) In the case of a false or fraudulent return with intent to evade the tax; or

"(2) In the case of failure to file a return; or

"(3) In the case of gross error in information reported in a return that would increase the amount of tax payable by twenty-five percent (25%) or more; the tax may be assessed and collected, or a proceeding in any court for the collection of such a tax may be begun without assessment, at any time.

"(B) *Period for Sales and Use Tax.* For the purpose of the Limited Sales,

Excise and Use Tax imposed by Chapter 20 of this Title, the period of time provided by this Article *shall be four (4) years*, and any provision of Chapter 20 to the contrary is hereby repealed to the extent of such conflict." (Emphasis added)

The limitation of four years as to notice of deficiency determinations in sales, excise and use taxes is stated in this language in Article 20.06(D)(1):

"(D) Time Within Which Notice of Deficiency Determination to be Mailed; Consent to Later Mailing of Notice.

"(1) Every notice of a deficiency determination shall be personally served or mailed within four (4) years after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined or within four (4) years after the return is filed, whichever period expires the later. In the case of failure to make a return, every notice of determination shall be mailed or personally served within four (4) years after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined."

This article clearly and without ambiguity provides a limitations period for the issuance of notices of deficiency determinations as to sales and use taxes. Complementary to this article is Article 20.-11(C)(1)(2) which provides that taxpayers shall keep for a period of *four years* records "and other pertinent papers" related to sales and use taxes.

Prior to July of 1967, when the provisions of Article 1.045 now under examination became effective, the Limited Sales, Excise and Use Tax Act (Chapter 20 of Title 122A) was the only tax statute providing for (1) a limitations period for the issuance of deficiency determinations and (2) a complementary period during which taxpayers were required to retain records "in such form as the Comptroller may reasonably require."

With the enactment of Article 1.045, which was added to Title 122A, Taxation-General passed in 1959, a limitations period was established for the first time on taxes

other than sales and use taxes. Acts 1967, 60th Leg., ch. 448, sec. 1, effective July 1, 1967. The emergency clause of the Act recites ". . . an urgent need for limiting the time for collection of taxes and limiting time for making refunds for overpayment of taxes so that the Comptroller and taxpayer both need not unduly retain old books and records that are not needed . . ." (Sec. 4 of the Act) The caption of the Act of 1967, adding Article 1.045, describes the Act as ". . . providing the Comptroller shall assess any tax imposed by said Title within seven years from the date such tax is due and payable; providing for *exceptions to such period* . ." (Emphasis added)

The position of appellant is that no part of Article 1.045(A) enlarges, or changes in any manner, the limitation period imposed by Article 20.06(D)(1). The State contends that enactment of Article 1.045(A) extended the limitations period for sales and use taxes, established earlier by Article 20.06(D)(1), in the three situations enumerated in subparagraphs (1), (2), and (3) of Article 1.045(A). The State particularly insists that subparagraph (3) is applicable, which treats instances of gross error in information reported by the taxpayer "that would increase the amount of tax payable by twenty-five percent (25%) or more . . . [in which cases] the tax may be assessed and collected, or a proceeding in any court for the collection of such tax may be begun without assessment, *at any time*." (Emphasis added)

It is undisputed that the error occurring in the report filed by Lorenzo Textile would amount to an increase in the tax by twenty-five percent or more. In Article 1.045(B) the limitation by four years, as found in Article 20.06(D)(1), is repeated and reenacted. Yet the State asserts there exists a conflict between Article 20.06(D)(1) and the later enacted Article 1.045(A), and that the latter, being more recent, repeals by implication the former statute.

The Act by which Article 1.045 became law contains no express repeal of the earlier provisions of Article 20.06(D)(1). To effect repeal therefore of Article 20.06(D)(1) through the later statute, repeal must be by implication, which is not favored. *Conley v. Daughters of the Republic*, 106 Tex. 80, 156 S.W. 197, 201 (1913). As stated by the Supreme Court in *Conley*, "The two laws relate to the same subject, and should be considered as if incorporated into one act. If being so considered the two can be harmonized and effect given to each, there can be no repeal." (156 S.W. at 201, col. 2)

The basic rules of construction where implied repeal is the problem were stated in 1914 by the Supreme Court in *Cole v. State*, 106 Tex. 472, 170 S.W. 1036, 1037 (1914):

"Though they [the two statutes] may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and therefore an implied repeal does not result, since in such case both may stand and perform a distinct office. Especially will this construction be adopted where the older law is particular and expressed in negative terms, and the later statute is general in its nature. In such instances that to which the older law distinctly applied its negative provisions will be regarded as excepted from the operation of the more general statute. These are but the familiar rules of construction to be applied where the implied repeal of a law is involved."

These principles of construction have been acknowledged and followed in *Townsend v. Terrell*, 118 Tex. 463, 16 S.W.2d 1063 (1929); *Flowers v. Pecos River R. Co.*, 138 Tex. 18, 156 S.W.2d 260, 263 (1941); *Miller v. Calvert*, 418 S.W.2d 869, 872 (Tex.Civ. App. Austin 1967, no writ).

It is true, as pointed out by appellant, that the Limited Sales, Excise and Use Tax Act has been amended on five occasions

since the passage of Article 1.045, without the Legislature having changed or amended Article 20.06(D)(1). In *Miller v. Calvert, supra,* this Court held that in seeking to determine the legislative intent, legislative history of the general course and scheme of legislation on the subject may be examined. In that case it was pointed out that the Legislature, although having the opportunity on various occasions of new amendments, did not take advantage of the opportunity to enact changes to permit a general tax statute to repeal or amend prior specific provisions for tax liens. (418 S.W.2d 873)

The parties join issue on the meaning and purpose of Article 1.045(B), which specifically preserves the four-year period already applied to sales and use taxes. Appellant Lorenzo Textile contends that even if the opening words "Except where a shorter period of time is provided in this Title . ." in Article 1.045(A) do not serve to except Article 20.06(D)(1) from operation of Article 1.045(A), the provisions of Article 1.045(B) provide the exception to preserve the four-year period set out earlier in Article 20.06(D)(1).

The State maintains, on the contrary, that Article 1.045(B) was enacted to repeal the three-year limitations period within which the Comptroller must *bring suit* to collect delinquent taxes under Article 20.-09(B) and (G). In short, the State insists that Article 20.09(B) and (G), imposing a three-year limitations period on a *suit for collection* of taxes, which begins to run when "the amount is due and payable," was repealed by Article 1.045(B), and that the newer statute now extends the three-year period to four years.

The State's position is not in harmony with the holding of this Court in *Calvert v. Engineers & Fabricators, Inc.,* 440 S.W.2d 320, 325 (Tex.Civ.App. Austin 1969, writ ref'd n.r.e.), which was decided after the effective dates of all the statutes under examination in the present case.

In *Engineers & Fabricators* this Court applied the rule of harmony to Article 20.-06(D)(1) and Article 20.09(B) and (G) and determined that in sales and use tax matters Article 20.06(D)(1) allowed the Comptroller *four* years in which to make a deficiency determination and that Article 20.-09(B) and (G) accorded the Comptroller *three* years, after the prior deficiency determination became "due and payable," in which to bring suit for collection. This Court thereby upheld validity of Article 20.09(B) and (G) in determining that the statute imposed a limitation of three years on filing suit after a deficiency determination. It is obvious that without harmonizing the two statutes a conflict would have existed, creating a repugnance the courts are enjoined to avoid if construction through harmony will leave both laws in current operation, rather than destroy one.

■ We conclude that only by sustaining the position of Lorenzo Textile can Article 1.045(A) and Article 1.045(B), as the more recent statutes, and Article 20.06(D)(1), the earlier law, be allowed to operate concurrently, without destruction of either law, while upholding the principle that a general law will not be presumed to repeal a specific statute. The principle of harmony is important where, as in this case, the earlier law is particular and expressed in negative terms, whereas the later statute is general in nature. In such instances the matters to which the earlier law distinctly applies its negative provisions will be regarded as excepted from operation of the later more general statute. *Cole v. State supra; Townsend v. Terrell, supra; Flowers v. Pecos River R. Co., supra; Miller v. Calvert, supra.*

■ The introductory clause of Article 1.045(A), "Except where a shorter period of time is provided in this Title . . ." is recognition of the continued validity of Article 20.06(D)(1); and Article 1.045(B), reiterating the period of four years as to sales and use taxes, preserves the limitations period established by Article 20.06(D)(1). We hold that Article 1.045(A) and Article 1.045(B) stand in harmony with Article 20.-06(D)(1) and that it was the legislative intent to permit such harmony, and not to repeal or destroy the earlier statute by implication.

The judgment of the trial court is reversed. We render judgment that Lorenzo Textile Mills, Inc., recover its taxes paid under protest, together with interest and costs of court.

Reversed and Rendered.