**GENERAL ELEVATOR CORPORATION,**
Appellant,

v.

**CHAMPION PAPERS—Division of Champion International Corporation and Champion International Corporation,**
Appellees.

No. A2158.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1979.
Rehearing Denied Nov. 28, 1979.

David J. Beck, Christopher Hicks, Fulbright & Jaworski, Houston, for appellant.

Frank M. Bean, Bean & Manning, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment in a workers' compensation and wrongful death case in which General Elevator's (appellant) cross action for contribution against the Champion group (appellee) was denied under Tex.Rev.Civ.Stat.Ann. art. 8306.

On December 22, 1975, Keith Joseph Broussard was fatally injured in an elevator accident while acting in the course of his employment for Champion Papers. Yolanda Broussard, as surviving spouse and as next friend of their son, Arthur John Broussard, brought suit against appellees who were both the owners and operators of the elevator. Also named as defendants in the suit were appellant, who serviced the elevator, and Otis Elevator Company, who manufactured, marketed, and installed the elevator. Plaintiffs alleged that there was both negligence and gross negligence on the part of all of the defendants. Otis was granted a summary judgment and is no longer a part of this cause.

In addition, plaintiffs sought workers' compensation benefits from Liberty Mutual Insurance Company (Liberty Mutual), the workers' compensation carrier for appellees. Liberty Mutual paid plaintiff $10,230.00 in medical and death benefits and then filed a petition of intervention claiming that it had a subrogation claim for the amount of the compensation benefits it had paid.

Appellant entered into a settlement agreement with plaintiffs wherein appellant paid plaintiffs $500,000.00. Plaintiffs have thus settled all of their claims and are no longer in this case. Appellant then filed its cross action against appellees seeking contribution or indemnity, claiming the negligence of appellee to be the proximate or sole proximate cause of the decedent's injuries and death. Appellees filed a motion for summary judgment claiming that the exclusive remedies section of the Workers Compensation statute, Tex.Rev.Civ.Stat. Ann. art. 8306 §§ 3 and 3a, insulated appellees from any liability to appellant. The trial court upheld appellees' motion and entered a take nothing judgment against appellant on its cross action.

Appellant's single point of error is that the trial court erred in granting the summary judgment. The point of error is based on two contentions. The first is that contribution is not barred by the Workers' Compensation statute. The second is that if the statute does constitute a bar, it is unconstitutional under Article 1 Section 13 of the Texas Constitution.

■ In support of its first contention, appellant alleges that Article 8306 Section 3 is in conflict with the Texas Comparative Negligence Act, Tex.Rev.Civ.Stat.Ann. art. 2212a, and that the latter either repeals or takes precedence over the former. We disagree with the conclusions reached by appellant. There is no language in the Comparative Negligence statute which expressly repeals Article 8306 Section 3. Therefore, if such statute is repealed it must be by implication. Repeal by implication is not favored. *Lorenzo Textile Mills, Inc. v. Bullock*, 566 S.W.2d 107 (Tex.Civ.App.—Austin 1978, no writ); *Conley v. Daughters of the Republic*, 106 Tex. 80, 156 S.W. 197, 201 (1913). *Lorenzo Textile Mills v. Bullock*, *supra* states, "The basic rules of construction where implied repeal is the problem were stated in 1914 by the Supreme Court in *Cole v. State*, 106 Tex. 472, 170 S.W. 1036, 1037 (1914):

'Though they [the two statutes] may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and therefore an implied repeal does not result, since in such case both may stand and perform a distinct office. Especially will this construction be adopted where the older law is particular and expressed in negative terms, and the later statute is general in its nature. In such instances that to which the older

law distinctly applied its negative provisions will be regarded as excepted from the operation of the more general statute. These are but the familiar rules of construction to be applied where the implied repeal of a law is involved.'"

These principals of construction have been acknowledged and followed in *Townsend v. Terrell,* 118 Tex. 463, 16 S.W.2d 1063 (1929); *Flowers v. Pecos River R. Co.,* 138 Tex. 18, 156 S.W.2d 260, 263 (1941); *Miller v. Calvert,* 418 S.W.2d 869, 872 (Tex.Civ.App.—Austin 1967, no writ).

In this case Article 8306 Section 3 is the earlier law and the portion of its language said to conflict with Article 2212a is particular and expressed in negative terms. Article 2212a was later enacted and is general in nature. Consequently "[i]n such instances the matters to which the earlier law distinctly applies its negative provisions will be regarded as excepted from operation of the later more general statute [Article 2212a]." *Lorenzo Textile Mills, Inc. v. Bullock, supra.*

■ The second basis for this first contention of the appellant (that the workers' compensation statute does not act as a bar to contribution) is that Article 8306 Section 5 permits contribution to a third party from a grossly negligent employer. Concerning a fatal injury, Article 8306 Section 5 provides:

"Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employee whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm or corporation from the employer of such employee at the time of the injury causing the death of the latter. . . ."

Based on the common law rule that no right of contribution exists against a party unless that party would be directly liable to the plaintiff, appellant contends it should be entitled to contribution because the survivors of the decedent would be entitled to

recovery from the employer/appellee under Article 8306 Section 5. We find this contention untenable for several reasons. First, the appellant cannot use this sort of deductive reasoning to reach a result explicitly prohibited by Article 8306 Section 3 which states:

If an action for damages on account of injury to or death of an employee of a subscriber is brought by such employee, or by the representative or beneficiaries of such deceased employee, . . . and *if such action results in a judgment against such other person, or results in a settlement by such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement,* nor shall the subscriber, his agent, servant or employee, have any tort or contract liability for damages to such other person because of such judgment or settlement, in the absence of a written agreement expressly assuming such liability, executed by the subscriber prior to such injury or death. (emphasis added)

Second, a recovery under Article 8306 Section 5 is limited by its terms to certain individuals and the appellant herein is not included. Also an appellant cannot use this statute in conjunction with a general common law rule to side step the expressed limitations of the statute. Third, Article 8306 Section 5 permits the above listed parties to sue the employer itself only for exemplary damages when the employer caused injury or death by its willful act or omission or gross negligence. Appellant is seeking contribution for compensatory damages not exemplary damages. Article 8306 Section 5 cannot be used by the appellant for that purpose. For these reasons, we hold that Article 8306 Section 3 does bar appellants' cross action for contribution.

■ Appellant's second contention under his single point of error is that if Article 8306 Section 3 acts as a bar to contribution then it violates Article 1 Section 13 of the Texas Constitution which provides that "[a]ll courts shall be open, and every person

for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Although appellants' contentions have some appeal, this matter has already been decided in *Grove Manufacturing Co. v. Cardinal Construction Co. et al.*, 534 S.W.2d 153 (Tex.Civ.App.—Houston [14th] 1976, writ ref'd n. r. e.). Neither the factual distinctions between *Grove* and this case nor the equitable arguments advanced by the appellants persuaded us to vary from our holding in *Grove* which we hereby reaffirm.

The judgment of the trial court is affirmed.