SUPERIOR COMMERCIAL CARPET SERVICE, INC., Appellant,

v.

AMERICAN CHAIN & CABLE COMPANY, INC., Appellee.

No. 17995.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 17, 1981.

Rehearing Denied Oct. 15, 1981.

748

Wm. D. Cannon, John Graml & Associates, P. C., Houston, for appellant.

Bernard A. Duco, Jr., Wood, Lucksinger & Epstein, Houston, for appellee.

Before COLEMAN, C. J., and SMITH, J.

PEDEN, Justice.

Bessie Highsmith sued the appellant, Superior Commercial Carpet Service, Inc., for injuries she sustained on her job for American Chain and Cable Co., Inc., when, on April 15, 1977, she tripped and fell on a metal strip which had been installed by the carpet service on the stairs of her employer's office.

The carpet service then brought this third-party action against the employer, alleging that its negligence caused the injury, and sought indemnity and contribution. The employer moved for summary judgment on the ground that the appellant's third-party action was barred by the Texas Workers' Compensation Act, Article 8306 § 3 (Vernon 1967). The trial court granted this motion and also granted a motion to sever filed by the carpet service, the appellant here.

The appellant asks that the trial court's judgment be reversed and this cause remanded and thereafter rejoined and consolidated with the original cause brought by Mrs. Highsmith against the appellant.

We affirm.

The appellant contends that the trial court erred in granting summary judgment for the employer because when Article 8306, § 3, and Article 2212a, the Texas Comparative Negligence Act, are construed together they permit the appellant to maintain its third-party action against the employer for the sole purpose of determining the percentage of negligent conduct to be apportioned between itself and the employer. The appellant argues that even if the monetary liability of the employer has been legislatively precluded by the Workers' Compensation Act, the presence of the employer in this suit is required so that the fair contribution, if any, of the carpet service may be determined.

The pertinent part of Article 8306 provides:

Sec. 3. The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, . . . but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for. . . . If an action for damages on account of injury to or death of an employee of a subscriber is brought by such employee, or by the representatives or beneficiaries, of such deceased employee . . . against a person other than the subscriber, . . . and if such action results in a judgment against such other person, or results in a settlement by such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement. . . .

■ The appellant admits that in this case the employer is not liable to appellant for indemnity and contribution if Bessie Highsmith was acting within the course and scope of her employment with employer when she was injured and made a claim for and received benefits under the Texas Worker's Compensation Law, citing *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.1974), *Grove Manufacturing Co. v. Cardinal Construction Co.*, 534 S.W.2d 153 (Tex.Civ.App.1976, no writ), and *City of Houston v. Watson*, 376 S.W.2d 23 (Tex.Civ. App.1964, writ ref'd n.r.e.). We hold that there was competent summary judgment evidence establishing these facts.

■ The summary judgment proof before the district court consisted of the affidavit of Jack Hassett, his deposition, and that of Bessie Highsmith. In her deposition, Mrs. Highsmith testified that she was an employee of appellee from February, 1961, to January, 1979. Mr. Hassett also testified that Mrs. Highsmith was employed by the appellee at the time of her injury, that she was doing her work when she fell, that on that day American Chain and Cable Company was insured by American Mutual Liability Insurance for Worker's Compensation coverage and that, to his knowledge, Mrs. Highsmith filed a claim under the Texas Workers' Compensation Act.

Mrs. Highsmith testified by deposition that she made a claim against her employer's workers' compensation insurance carrier and that she had received benefits as a result of her fall.

The testimony above is clear, positive, direct, credible, free from contradictions and inconsistencies, and could have been readily controverted by appellant. It supports the summary judgment, Tex.R.Civ.P. 166–A(c), and supplies the facts to make binding the appellant's conditional admission.

The appellant asserts that it is entitled to retain appellee as a party so the jury can determine the percentage of negligence attributable to appellee and that appellee's absence from the litigation prevents such a determination in derogation of Article 2212a.

We agree with the appellant's assertion that testimony in the depositions on file in this case shows that it can raise issues of fact that negligence of the appellee (employer) contributed to its employee's injury.

The appellant points out that it was stated in *Southern Pacific Transportation Co. v. Smith Material Corp.*, 616 F.2d 111 (C.A.5 1980): "The purpose of Section 2 of Art. 2212a is to apply a scheme of comparative negligence to require contribution from each defendant in proportion to negligence attributable to him, rather than to require an equal contribution from each tortfeasor, but still to permit the injured party only one satisfaction. *Deal v. Madison*, 576 S.W.2d 409, 416 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.)"

Appellant argues that Articles 8306 and 2212a should be harmonized to give effect to both. It says that the appellee's presence at trial would provide the jury with all the pertinent facts to determine the extent of appellant's liability, if any, that Article 8306 would be given effect by barring any recovery from appellee, and that Article 2212a would be given effect by permitting a fair determination of the percentage of negligence attributable to appellee and to appellant.

We review the argument of the appellant: If the employer is not maintained in the suit, and if the jury believes that the appellant's negligence was a proximate cause of the plaintiff's injuries, the jury will likely attribute to the appellant all negligence not assigned to the plaintiff. But if the employer is maintained in the suit "under material issues of fact so powerfully suggestive and indicative of their negligence, then the Jury will need to determine and assess the percentage of negligence attributable to that company." Of a necessity, any percentage assigned to the employer will result in a lesser percentage of negligence being assigned to the appellant, and may determine whether the employer is responsible for a percentage of, for all of, or none of the damages, if any, found

**750**

by the jury. Under § 2(c), of art 2212a, a "... defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him ..." The appellant asserts that it would certainly be entitled to argue that the employer was responsible for the occurence sued on, but that would be inadequate in comparison to having them in the suit and having special issues regarding their culpability submitted to the jury for response and return.

In a case cited by both parties, *General Elevator Corp. v. Champion Papers*, 590 S.W.2d 763 (Tex.Civ.App.1979), General Elevator argued that Article 8306, § 3, was in conflict with Article 2212a and that the latter statute replaced or took precedence over the former. The court held that Article 2212a did not expressly or impliedly repeal Article 8306 § 3. Citing *Cole v. State*, 106 Tex. 472, 170 S.W. 1036 (1914) for the applicable principles of construction, the court concluded that Article 8306 § 3 is the earlier law and that the portion of its language said to conflict with Article 2212a is general in nature. "In such instances the matters to which the earlier law distinctly applies its negative provisions will be regarded as excepted from operation of the later more general statute [Article 2212a]." *Lorenzo Textile Mills, Inc. v. Bullock*, 566 S.W.2d 107 (Tex.Civ.App.1978, no writ).

The question of whether the employer should be required to be present as a third-party defendant at trial was not raised in that case. Appellant cites no authority for such a requirement, but appellee offers three arguments against it:

■ First, that it should not be required to participate in the trial as a third-party defendant because the outcome of the trial can have no effect on appellee's liability and, therefore, the percentage of negligence attributable to appellee is an abstract issue. "A case becomes moot when it appears that one seeks to obtain a judgment upon ... some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then-existing controversy. [citing cases] Courts do not sit for the purpose of explaining the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgments." *McNeill v. Hubert*, 119 Tex. 449, 23 S.W.2d 331, 333 (1930). The primary purpose for the requirements that there be an actual controversy is that only in such a contest is there a sufficient adversarial interest to stimulate the parties to fully present the facts and arguments. To illustrate, appellee states that if it were required to participate in the trial as a non-liable, third-party defendant, it would have no interest in the outcome of the case and would have no reason to prevent appellant from attributing all or most of the negligent conduct to the employer. That result would unduly relieve appellant of its liability, if any, to plaintiff, Bessie Highsmith.

Second, in response to appellant's statement that the appellee must be present at trial as a third-party defendant to provide the jury with all the facts, appellee contends that appellant may accomplish that goal by making reference to and obtaining instructions regarding the negligence of a non-party as the possible cause of the injury in question.

Finally, appellee argues that it should not be burdened with unnecessary legal expenses for representation at a trial when it has no interest in the outcome.

■ We have found no legal requirement that a subscribing employer be present as a third-party defendant in the trial of a case under these circumstances. The trial court did not err in declining to require the employer's presence.

■ Appellant makes several complaints concerning the affidavit of Jack Hassett, which was given in support of appellee's motion for summary judgment. First, appellant claims the affidavit does not comply with Tex.R.Civ.P. 166–A in that it is conclusionary, fails to set forth facts as would be admissible in evidence, and fails to state how affiant knew or learned of the matters stated therein. Second, appellant contends that the third and fourth paragraphs of the affidavit violated the best evidence rule in

that the best evidence that appellee was a subscriber to a workers' compensation insurance policy would be the policy itself, and the best evidence that Mrs. Highsmith filed a claim would be the claim form she filed.

Rule 166–A(b) provides that a party against whom a claim is asserted may move with or without supporting affidavits for a summary judgment in its favor. Section (c) of the same rule provides, among other things, that the summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Under sections (b) and (c), appellee was not required to file an affidavit. We have noted that the depositions of Mrs. Highsmith and Mr. Hassett supplied the summary judgment evidence to establish that Mrs. Highsmith was barred as a matter of law from seeking damages from her employer under Article 8306, §§ 3 and 3a, and that under well-settled case law, appellant was barred from seeking contribution and indemnity from a party against whom the injured party had no cause of action. *City of Houston v. Watson, supra.* Appellant does not raise a point of error with respect to the depositions. Any defect in the affidavit of Jack Hassett would not be cause for reversal of the judgment. Rule 434, Tex.R.Civ.P.

Affirmed.